Alma KOLLMEYER, Circuit Clerk and
Ex-Officio Recorder of Washington County,
Arkansas; and Washington County, Arkansas
*v.* Richard B. GREER

79-290                                          593 S.W. 2d 29

Opinion delivered January 28, 1980

*Kim M. Smith,* Prosecuting Attorney, by: *Andrew J. Ziser,* Deputy Pros. Atty., for appellants.

*Charles W. Atkinson,* for appellee.

JOHN F. STROUD, Justice. This is a suit by a taxpayer seeking to void ordinances of the Washington County Quorum Court levying an additional local recording fee on deeds and other instruments. The Chancellor granted Plaintiff's Motion for Summary Judgment, declared the ordinances void and ordered a refund of the fees collected.

On January 1, 1977, Amendment 55 to the Arkansas Constitution became effective, granting to the counties greater legislative authority in local affairs. In what it thought to be a valid exercise of this new legislative authority, the Washington County Quorum Court, on November 17, 1978, adopted Ordinance No. 78-31, establishing a county fee of $1.00 per page for the filing and recording of all real estate deeds, mortgages, deeds of trust, release deeds, plats, survey plats, materialmen's liens and certificates of assessment. The Ordinance provided that this fee was in addition to all other fees provided by law. Some two months later, the Quorum Court adopted Ordinance No. 79-10, amending No.

78-31 to raise the county fee to $2.00 per page for such filing and recording.

Richard Greer, appellee herein, brought suit on March 1, 1979, seeking to have the ordinances establishing the fees declared unconstitutional, the county enjoined from collecting the fees, and an order directing the county to refund those fees already collected. The case was submitted to the Washington County Chancery Court on a Motion for Summary Judgment, as the facts of the case were not in dispute; only the interpretation of particular Arkansas Statutes was at issue. On May 23, 1979, the trial court declared the fee ordinances void and ordered a refund of the monies collected after awarding 10% of such sum to the attorney for appellee. The defendants, Alma Kollmeyer, et al, have brought this appeal, and contend that the trial court erred in its interpretation of the law.

In determining the validity of Washington County Ordinances No. 78-31 and No. 79-10, one must resolve Amendment 55 and its enabling act, Act 742 of 1977, with Act 333 of 1977 (digested in part of Ark. Stat. Ann. § 12-1720). The provisions of Act 742 most relevant to this action are codified as Ark. Stat. Ann. §§ 17-3701 - 17-4014 (Supp. 1979). Amendment 55, § 1(a), states:

A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law.

Appellants cite Ark. Stat. Ann. § 17-3801(k) (Supp. 1979), which sets out some of these powers that are available to local governments:

. . . impose a special assessment reasonably related to the cost of any special service or special benefit provided by county government or impose a fee for the provisions of a service; . . .

Appellants also cite Ark. Stat. Ann. § 17-3802(2) (Supp. 1979) as supportive of their position, wherein the legislature provided that:

A county government, acting through the Quorum Court, may provide through Ordinance for the establishment of any service or performance of any function not expressly prohibited by the Arkansas Constitution or by law.

There are at least two other Arkansas statutes relevant to this appeal. Ark. Stat. Ann. § 17-3802(1) (Supp. 1979) sets out those necessary services which counties must provide for its citizens, and the relevant part of that statute provides:

(d) . . . court and public records management, as provided by law, including registration, recording, and custody of public records; . . .

The statute that is dispositive of the issues in this appeal is Ark. Stat. Ann. § 12-1720 (Repl. 1979), which provides.

The uniform fees to be charged by the recorders in the various counties in this State shall be as follows:

(a) For recording deeds, deeds of trust, mortgages, release deeds, power of attorney, and other recordable instruments, except as hereinafter prescribed, $3.00 for one page (one side only) and $1.00 for each additional page.

Ark. Stat. Ann. § 12-1720 is controlling in this case, for it sets out the amount that should be charged for such recording services, and provides further that these fees should be ''uniform'' throughout the state. Washington County Ordinances No. 78-31 and No. 79-10 exceed the authority granted to the counties by Amendment 55 and Ark. Stat. Ann. § 17-3801, et seq, in that they are contrary to and inconsistent with Arkansas law, in this case Ark. Stat. Ann. § 12-1720.

The statutes and Constitutional amendment cited by appellants state that the counties may engage in a broad range of activities so long as they are not expressly prohibited or denied — and it is appellants' contention that nowhere is the charging of an additional fee for recording

services expressly prohibited. Ark. Stat. Ann. § 17-3808(a) provides:

> A county government exercising local legislative authority is prohibited the exercise of any power in any manner inconsistent with State law . . .

The ordinances adopted in this case were inconsistent and in conflict with Ark. Stat. Ann. § 12-1720 and are, therefore, void.

It is appellants' contention that "uniform" in Ark. Stat. Ann. § 12-1720 refers to the method of computation of the fee rather than the amount charged. They base this argument on the fact that the previous statutes allowed recording fees to be computed either on a per word or per page basis for the recording of deeds, mortgages and similar instruments. We disagree with appellants' interpretation of the usage of the word "uniform" and feel that the first sentence of the statute, "The uniform fees to be charged by the recorders . . ." indicates the intent of the legislature to establish a standard *amount* of recording fee. This is further emphasized by the emergency clause of the statute declaring an emergency:

> . . . because of the confusion and uncertainty existing in the various counties throughout the state under the present laws relative to the legal fees entitled to be charged by the circuit and chancery clerks and recorders in this state for the services they render . . .

Furthermore, Webster's Third New International Dictionary, p. 2498 (1961), defines "uniform" as:

> marked by lack of variation, diversity, change in form, manner, worth or degree: showing a single form, degree, or character in all occurrences or manifestations.

Act 333 of 1977 (digested in part as Ark. Stat. Ann. § 12-1720) effectively precludes the counties from charging any different fee for such recording services, for to do so would violate existing Arkansas law. This situation is comparable to the federal doctrine of pre-emption that is utilized in reconciling federal law with any state law that seeks to regulate the same subject matter. As noted by the United

States Supreme Court in *Rice* v. *Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S. Ct. 1146, 91 L. Ed. 1447 (1947), one must inquire if "the federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Further, in *Ray* v. *Atlantic Richfield Co.,* 435 U.S. 151, 158, 98 S.Ct. 988, 55 L. Ed. 2d 179 (1978), the Court stated:

> Even if Congress has not completely foreclosed state legislation in a particular area, a state statute is void to the extent that it actually conflicts with a valid federal statute.

In *Confederated Tribes of Colville* v. *State of Washington,* 446 F. Supp. 1339, 1358 (E. D. Wash. 1978), the U.S. District Court stated, "It is well established that when Congress passes legislation in implementation of one of its enumerated powers, it may be so pervasive as to preclude any state regulation in the same field."

The General Assembly should be clear when it intends to pre-empt a field that otherwise could be validly regulated by county ordinance, but we feel the language of Act 333 of 1977 (digested in part as Ark. Stat. Ann. § 12-1720) does contain such clarity. Considering all of the arguments and law relevant to the issue, including the alternative argument of appellants that Act 742 of 1977 takes precedence over Act 333 of 1977 due to its subsequent adoption, we find the decision of the trial court correct and it is affirmed.

Attorneys for appellee are awarded an additional $1,000 as an attorneys' fee, to be paid from the monies collected pursuant to Ordinances No. 78-31 and No. 79-10 prior to the refunds. Appellee's prayer for additional attorneys' fees for preparing the supplemental transcript and supplemental abstract is granted in the amount of $250, and appellee's prayer for additional costs for the preparation of the supplemental transcript is also granted in the amount of $20. However, appellee's prayer for additional costs for the printing of the supplemental abstract is denied for failure to strictly comply with the provisions of Supreme Court Rule 9 (e) (1) requiring a statement from the printer indicating the additional printing cost.