The Honorable Randall L. Williams Circuit Judge Jefferson County Courthouse Pine Bluff, AR 71601
Dear Judge Williams:
This is in response to your request for an opinion on the following question:
 Can the Quorum Court fix additional costs in all felony, misdemeanor and traffic violations to be paid to the county?
I assume that the costs would be assessed in all courts within the county, and would be in addition to all costs currently authorized under state law.
We must conclude that the answer to your question is no. While the Quorum Court does have authority to levy certain additional costs (see, e.g., A.C.A. 14-20-102 with regard to costs incurred in the defense of indigents and 16-21-106 involving assistance to victims and witnesses of crimes), we must conclude that the general laws of the state are sufficiently pervasive as to preclude local legislation of this nature. See, generally, Kollmeyer v. Greer, 267 Ark. 632, 637, 593 S.W.2d 29 (1980).
A review of current state law governing the assessment of certain additional costs leads to this conclusion. The General Assembly has, for example, imposed costs in circuit court in the amount of five dollars ($5.00) to be collected ". . . upon each judgment of conviction and upon each plea of nolo contendere or forfeiture of bond in felony, misdemeanor, and violation cases." A.C.A.21-6-405. These costs are in addition to the uniform advance fee charged in circuit court (see A.C.A. 21-6-402 and 21-6-403), and are to be credited to a court reporters' fund. (See A.C.A.16-20-107). Other additional costs to be assessed in circuit court in felony and misdemeanor cases are found under A.C.A.16-92-110 (police retirement), 16-92-116 (Supp. 1987) (Alcohol and drug abuse and crime prevention; also applicable to moving traffic violations), and 1-2-306 (Arkansas Code Revision fund).
Several of the foregoing provisions also apply to municipal courts (16-92-110, 16-92-116, 1-2-306) and to justice of the peace, traffic, policy and city courts (16-92-110, 16-92-116). The levy of additional costs in municipal court is also authorized under A.C.A. 16-17-111 and 16-17-113 (also applicable in police and city courts) and 16-17-112 (Supp. 1987). Funds collected pursuant to these provisions are to be used for the administration of the court and for the judicial retirement system. Sections 16-17-111
and 16-17-113 specify that these additional costs must be levied by ordinance of the municipal body.
Additional costs are also imposed in all criminal cases in counties with a population of over to hundred thousand (200,000) and in all cases involving convictions for driving while intoxicated or impaired. See A.C.A. 16-92-111 and 5-65-113, respectively. Certain additional costs are also levied in felony and misdemeanor cases in circuit, municipal, police, city, and justice of the peace court, to be credited to a legal education fund. See A.C.A. 6-64-603.
It is apparent from the foregoing that additional costs have been imposed by the General Assembly for a variety of purposes. While there are various legislative enactments authorizing the Quorum Court's levy of certain additional costs, we cannot conclude that the Court may, as a general matter, enact such an ordinance fixing costs in addition to those currently authorized. The Quorum Court may, of course, exercise local legislative authority not inconsistent with or contrary to the general laws of the state. A.C.A. 14-14-802(b)(13) and 14-14-805(13); see also Const. Ark. Amend. 55, 1. It appears, however, that the state has addressed the matter of additional costs to be assessed in felony, misdemeanor, and traffic violation cases. It is my opinion that a court, if faced with the question, would conclude that this body of law effectively precludes the assessment of other additional costs by a county.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.