The Honorable W.R. "Bud" Rice State Representative P.O. Drawer "H" Waldron, Arkansas 72958
Dear Representative Rice:
This is in response to your request for an opinion on the following question:
 Would it be permissible for the Western Arkansas Counseling and Guidance Center to charge $50.00 for the D.W.I. Certificate for each person completing the program? It is my understanding that this Certificate grants the individuals completing the program the right to retrieve their driver's license.
For the reasons that follow, it is my opinion that the answer to your question is "no."
The relevant statute is found at A.C.A. 5-65-115, which provides as follows:
 (a) Any person who pleads guilty or nolo contendere, or is found guilty of violating 5-65-103, shall, in addition to other penalties provided herein, be required to complete an alcohol education program as prescribed and approved by the Arkansas Highway Safety Program or an alcoholism treatment program as approved by the Office on Alcohol and Drug Abuse Prevention.
 (b) Prior to reinstatement of a driver's license suspended or revoked under this act, the driver shall furnish proof of attendance at and completion of the alcoholism treatment or education program.
 (c) Within six (6) months of the final adjudication of guilt, the driver shall furnish proof of attendance at and completion of the alcoholism treatment or education program. If such proof is not furnished, the driver shall be cited for contempt of court and assessed an additional court cost of two hundred dollars (200), with fifty dollars ($50.00) retained by the municipal court. The remaining moneys received from these additional court costs shall be remitted at least quarterly, by January 1, April 1, July 1, and October 1, to the Director of the Department of Finance and Administration. One-half (1/2) of the moneys so received by the director shall be deposited in the State Treasury to be credited to the Highway Safety Special Fund for use to support programs of the Arkansas Highway Safety Program. The remaining one-half (1/2) of such moneys received by the director shall be deposited in the State Treasury to be credited to the Alcohol and Drug Safety Account to support alcoholism treatment programs of the Arkansas Office on Alcohol and Drug Abuse Prevention. This statute requires "proof of completion" of an alcohol education or treatment program prior to returning the driver's license of a person with a DWI conviction. The Western Arkansas Counseling and Guidance Center provides an education program and supplies the "proof of completion" required by the statute in the form of a certificate.
The statute is silent on the question of whether the education or treatment program may charge a fee for the required "proof of completion." We must look to the whole statutory scheme in order to determine whether the legislature intended to preclude such a fee. U.S. v. Anderson, 626 F.2d 1358, (8th Cir. 1980), cert denied 450 U.S. 912 (1980). In order to determine whether the Center is authorized to charge this fee, it is necessary to identify the Center's existing source of funding. The correspondence you have provided indicates that the Center relies on state funds for its support, but also indicates that these funds have been "severely reduced". The exact origin of the funding is not disclosed in your correspondence, but it is my understanding that the Center receives its funding from some federal funds which are matched by state funds provided from the Highway Safety Special Fund. This fund is established in A.C.A.19-6-446, and consists of the following:
 The Highway Safety Special Fund shall consist of eighty-three and three-tenths percent (83.3%) of those special revenues as specified in subdivision (115) and fifty percent (50%) of those special revenues as specified in subdivision (129) of 19-6-301, there to be used for support of programs of the Highway Safety Program as set out in 16-17-110, 16-18-106, and 16-19-413.
Section 19-6-301 of the Arkansas Code lists the special revenues of the state. The above-referenced subsections (115) and (129) are, respectively, DWI court costs, collectible under 5-65-113, and those additional court costs imposed under 5-65-115 for non-attendance at the treatment programs. Section 5-65-113
provides that $250 in court costs shall be paid by anyone convicted or pleading guilty or nolo contendere to a DWI charge, and 5-65-115, which was cited earlier in this opinion, imposes an additional court cost of $200 for non-attendance at the required treatment or education program.
Thus, the costs which make up the state funding of the program are set by statute. A person convicted, or pleading guilty or nolo contendere to a DWI offense must pay $250 in court costs, and $200 if they fail to complete a treatment or education program within six months. These charges are in addition to the fines payable under A.C.A. 5-65-112. It is my opinion that if the Center were to charge a $50 fee for the "proof of completion" required under5-65-115, it would in effect be increasing the costs authorized under 5-65-113 and 5-65-115. It is my opinion that this cannot be done without an amendment to the statute. It has been held that where the state has so pervasively legislated on the area of fee setting, it is reasonable to infer that it intended to leave no room for supplementation. Kollmeyer v. Greer, 267 Ark. 632,593 S.W.2d 29 (1980).
It is thus my opinion that the Center's recourse, if faced with serious budgetary problems, is to seek an amendment to the statute with the help of the Highway Safety Program Advisory Council, (see A.C.A. 12-6-102(b)(4)), so as to either allow the imposition of a fifty dollar fee for the completion certificate, or to increase the court costs set under 5-65-113 and 5-65-115, so that it may continue the valuable work it performs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.