The Honorable Thomas D. Wynne III Prosecuting Attorney 308 Main St. P.O. Box 231 Fordyce, AR 71742
Dear Mr. Wynne:
This is in response to Deputy Prosecuting Attorney Hamilton H. Singleton's request for an opinion on the following questions:
 (1) Can a county that does not have a one-cent sales tax pass a one-cent sales tax for a specified period of time, and then reduce the one-cent sales tax to a 1/2-cent sales tax to continue thereafter indefinitely? This tax would be used specifically for the special project of constructing, operating and maintaining a county jail.
 (2) Could all of the revenue realized from a sales tax be pledged to a special project such as a new county jail, or would it have to be shared with other municipalities within the county?
 (3) If a county has a one-cent sales tax, what length of time, if any, would need to elapse before a second one-cent special tax could be assessed for a specific purpose?
It is my opinion that the answer to your first question is "no." A county's power to authorize a tax on the sale of goods or services falls within the category of powers which require state delegation. See A.C.A. 14-14-806. Section14-14-806 states in pertinent part:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following powers, unless the power is specifically delegated by the General Assembly:
 (1) The legislative power to authorize a tax on income or the sale of goods or services.
A.C.A. 14-14-806(1) (emphasis added).
It must also be noted that each county exercising local legislative authority is without the authority to pass any legislative act contrary to the general laws of the state. A.C.A. 14-14-805(13).
A review of the body of law governing county sales and use taxes fails to yield authority for reducing a one-cent sales tax to a 1/2-cent sales tax. The General Assembly has "specifically delegated" the power to authorize a tax on the sale of goods or services. These Code sections all refer to a one percent sales tax. See e.g., A.C.A. 26-74-207, 26-74-307, and 14-164-338
(Supp. 1989). A 1/2-cent sales tax would, in my opinion, be contrary to the general laws of the state. It must be concluded that the general laws of the state are sufficiently pervasive as to preclude local legislation of this nature. See generally, Kollmeyer v. Greer, 267 Ark. 632, 637, 593 S.W.2d 29 (1980).
The answer to your second question is, generally, "yes." This conclusion follows from the fact that revenues derived from imposition of a county-wide sales tax must be used for the purposes designated in the ballot title, where specific uses are so delegated. A.C.A. 26-74-208
and 26-74-308; see also A.G. Op. Nos. 86-58 and 88-084.
It should also be recognized, however, that the method of distribution by which the State returns sales tax monies under A.C.A. 26-74-214 and 26-74-313 remains the same regardless of the uses for which proceeds are designated. See A.G. Op. No. 88-084. This office has also previously concluded, however, that proceeds derived from a one percent sales tax levied under A.C.A.14-164-338 (Supp. 1989), (see discussion, infra), are to be distributed to the taxing entity alone, and not per capita to the county and municipalities as required by A.C.A. 26-74-214 and 26-74-313. See A.G. Op. No. 89-351. The method of distribution may, therefore, vary depending upon the statutory basis for the tax.
With regard to your third question, our review of the laws which would authorize a second one-cent sales tax reveals no requisite time period between levies.
Since no mention is made of bonds in your correspondence, I assume that the second sales tax would be levied pursuant to A.C.A. 14-164-338 (Supp. 1989) which authorizes the levy of a tax for no longer than twenty-four (24) months, without the necessity of a bond issuance. This Code section does not mandate an intervening time period.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Please note that I have enclosed a copy of Attorney General Opinion No. 88-227 which cautions against reliance upon A.C.A. 26-74-201 to -223 and 26-74-301 to -319 as authority for imposition of two sales taxes.