The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion on the following question:
 Can the county government take funds generated from the public defender program and place those funds into the general revenue accounts of the county?
I assume you are referring to fees collected pursuant to A.C.A. §14-20-102 (Cum. Supp. 1991), for a fund for the defense of indigents. It is my opinion that monies in this fund may not be transferred into the county general fund.
Section 14-20-102 (Cum. Supp. 1991) states in pertinent part that:
 (a)(1) The quorum court of any county included within the judicial districts of the State of Arkansas, by appropriate county legislation, may provide for the creation of a fund to be used for the purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the defense of indigent persons against whom involuntary commitment procedures for insanity or alcoholism have been brought, and for representation in civil and criminal matters of persons deemed incompetent by the court due to minority or mental incapacity, which have been brought in any circuit courts, chancery courts, juvenile courts, probate courts, city or county division of municipal courts including, but not limited to, investigative expenses, expert witness fees, and legal fees. [Emphasis added.]
* * *
 (3) Where there are adequate unappropriated moneys in this fund, the quorum court may also provide for the use of the funds for the purpose of defraying the cost of the juvenile division of chancery court.
 (4) Where there are adequate unappropriated moneys in this fund, the quorum court may also provide for the use of the funds for the purpose of defraying the cost of medical and dental costs incurred by the county for indigent defendants incarcerated in the county jail.
The statute is clear and unambiguous in providing for the creation of a fund to be used for the specified purposes. The funds collected under this section are to be used for paying the reasonable and necessary costs incurred in the defense of indigents and for representation of persons deemed incompetent due to minority or mental incapacity. A.C.A. § 14-20-102(a)(1) (Cum. Supp. 1991). The statute also provides for the use of "adequate unappropriated moneys" in the fund. The authorized uses include defraying the cost of the juvenile division of chancery court and defraying the cost of medical and dental costs incurred by the county for indigent defendants incarcerated in the county jail. A.C.A. § 14-20-102(a)(3) and (4) (Cum. Supp. 1991). A quorum court is authorized to enact legislation providing for the fund and a fee, not to exceed $5.00, to be taxed as costs in all civil and criminal matters. A.C.A. § 14-20-102(b)(1) (Cum. Supp. 1991). Expenditures from the fund are to be made in the manner and amounts prescribed by the quorum court. A.C.A. §14-20-102(b)(2) (Cum. Supp. 1991).
The creation of the fund, and the purposes for which these funds may be used are thus expressly set out in the statute. For the county to transfer these funds to its general fund absent an express grant of legislative authority would exceed that power granted to the counties. Arkansas Code of 1987 Annotated §14-14-808(a) provides that a county government exercising local legislative authority is prohibited the exercise of any power in any manner inconsistent with state law. To combine the funds in this case with those of the county general fund would be inconsistent and in conflict with A.C.A. § 14-20-102, which effectively precludes the counties from converting the funds for anything other than that authorized in the statute. Seegenerally Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29
(1980).
In sum, absent an express grant of statutory authority to combine the funds, it is my opinion the funds collected pursuant to A.C.A. § 14-20-102 should be maintained separate from county general funds.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh