The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request for an opinion on Act 1280 of 1993, which you indicate has the effect of changing existing ordinances in Washington County with regard to the siting of landfills. You note that the particular Washington County ordinance in question was upheld by the Supreme Court of Arkansas. You inquire as to whether Act 1280 is constitutional and whether it can cause an existing ordinance to become null and void.
It is my opinion that the answer to both your questions is "yes."
Act 1280 amends the "Arkansas Solid Waste Management Act," the relevant portion of which, for our purposes, is A.C.A. § 8-6-209, relating to local standards. The amendment prohibits the enactment of local municipal or county ordinances relating to the location of solid waste disposal sites, which are more restrictive than federal, state or regional law, except under certain circumstances.[1] The act provides for existing more restrictive ordinances to remain in force for six months after the effective date of the act. After this date, and absent applicability of an exception, the act provides that "[a]ny and all such municipalities [sic] or county ordinances, resolutions, orders or standards contrary to this section shall be null, void, and repealed."
Your question is whether this provision is constitutional and whether it can indeed cause local ordinances to become null and void. It is my opinion that it can. Although counties are granted broad authority over local affairs in Amendment 55 to the Arkansas Constitution, this authority may not be exercised contrary to the general laws of the state. Amendment 55, Section 1(a) provides that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." See also A.C.A. §§ 14-14-801(a); 14-140805(13); and Kollmeyer v. Greer, 267 Ark. 632,593 S.W.2d 29 (1980). With the adoption of Act 1280, the enactment of more restrictive local legislation with regard to landfill siting is "denied by law," with the limited exceptions noted in the act.See n. 1 supra.
The fact that the particular Washington County ordinance in question was upheld by the Arkansas Supreme Court does not change this result. The decision in Johnson v. Sunray Serv. Inc.,306 Ark. 497, 816 S.W.2d 582 was handed down prior to the enactment of Act 1280 of 1993. The court in that case construed the unamended version of A.C.A. § 8-6-209 to reach its conclusion that a county had the authority to enact the more restrictive ordinance in question. The legislature, with the enactment of Act 1280 of 1993, has changed the law upon which the SunrayServices decision is based.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Act prohibits more restrictive ordinances unless "there exists a fully implemented comprehensive area-wide zoning plan, and corresponding laws or ordinances, covering the entire municipality or county." Another exception to the statute is granted when the municipality or county requests the regional board to adopt a more restrictive rule or standard, and the board either fails to hold a public hearing on the request, or fails to take any action after such hearing.