The Honorable Larry Cook Prosecuting Attorney Seventeenth West Judicial District Post Office Box 423 Lonoke, Arkansas 72086
Dear Mr. Cook:
This is in response to your request for an opinion on whether a county may implement a system of paying its employees by direct deposit pursuant to the set of proposed procedures included with your request and attached hereto. You also inquire whether a county ordinance will be sufficient authority to permit the County Treasurer to implement the system, assuming such a system may lawfully be implemented.
Our constitution provides:
 A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law.
Ark. Const. amend. 55, § 1(a).
A statute provides that such local legislative authority includes the power to "[e]xercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. § 14-14-801(b)(13).
I have little doubt that a county's arrangements for paying its employees constitute a matter over which a county ordinarily would be authorized by the constitution and the statute to exercise local legislative authority. In this instance, however, the question becomes whether such local legislative authority has been "denied . . . by law" or is "inconsistent with law."
In my opinion, a county may not provide for the payment of any county obligation other than by warrant or check. The Arkansas Code contains extensive, mandatory, and, in my view, exclusive provisions governing the payment of county obligations, which require payment by warrant or check.See A.C.A. §§ 14-24-101 to -120 (1987 and Supp. 1995), and 14-24-201 to -206 (1987). Where state regulation is so pervasive as to make reasonable the inference that the state has left no room for supplemental legislation, inconsistent local provisions in the same field are prohibited. Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980).
The statutory provisions cited above plainly contemplate the issuance of physical (i.e., paper) instruments. See, e.g., A.C.A. §§ 14-24-103 (1987),14-24-106 (1987), 14-24-107 (1987), 14-24-120 (Supp. 1995), 14-24-204
(1987).
It is my understanding that the agreements entered into between banks and employers in order to effect direct deposit of employees' wages and salary, and the forms exchanged among the parties periodically pursuant to such an arrangement, are often proprietary documents, and may vary significantly among banks offering the service. For that reason, and because you have not submitted any proposed agreements or forms relating to the county at issue, I am unable to determine whether the proposed arrangement would involve the issuance of warrants or checks and therefore would be permissible.
It is not at all clear that such an arrangement could comply with the statutory requirements in any case, and express statutory authorization, enacted by the General Assembly, may be indicated. In this regard, one might note the enactment of Act 421 of 1991, codified at A.C.A. §19-4-407 (Repl. 1994), which authorizes the establishment of an "electronic warrants transfer system" for the payment of "any account allowed against the state." Presumably, the General Assembly determined that express authorization was required in view of an older statute, A.C.A. § 25-16-516(a) (Repl. 1992), which requires the Auditor of State to draw warrants upon the State Treasury "[i]n all cases of accounts audited and allowed against the state and in all cases of grants, salaries, and expenses allowed by law."
With respect to your second question, it is my opinion that a county ordinance would constitute sufficient authority for the implementation of a direct deposit payroll system, provided that the system complies with the statutes cited above that require the issuance of warrants or checks in payment of county obligations. It is my view that the manner of payment of county obligations is an area in which local legislative authority may be exercised provided all requirements of state law are met. Such additional provisions in the area of the payment of county obligations would not be inconsistent with or denied by state law, and therefore would not, in my view, be preempted under the doctrine ofKollmeyer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh