The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
This is in response to your request for an opinion on the following questions:
 1. Does the Arkansas Freedom of Information Act apply to the provision of an on-line service for unlimited access to government records?
2. May the Circuit/County Clerk charge a fee for the on-line service?
3. What are the guidelines for the establishment of a fee?
It seems clear, with regard to your first question, that the Arkansas Freedom of Information Act ["FOIA"], codified at A.C.A. §§ 25-19-101 etseq., does not directly address access to computerized records through on-line databases. First, the FOIA does not specify how records are to be managed or accessed, other than the requirement that "[r]easonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to any citizen." A.C.A. § 25-19-105(e) (Repl. 1996). The language of the act regarding inspection and copying "during regular business hours" of the records' custodian also belies the assertion that on-line access must be afforded.
As noted, moreover, by the author of a recent law review article, the Arkansas FOIA was written "for a paper era rather than a computer era." Brooks, Adventures in Cyber-Space: Computer Technology and the ArkansasFreedom of Information Act, 17 UALR L.J. 417 (1995). As a result, the FOIA has not kept pace with technology. Id. at 418. Thus, in my opinion, it cannot reasonably be contended that an agency is required under the FOIA to provide on-line, remote electronic access to public records.
It must be recognized, nevertheless, that computerized information is generally regarded as a record for FOIA purposes. See Adventures inCyber-Space, supra at 419, discussing Blaylock v. Staley, 293 Ark. 26,732 S.W.2d 152 (1987); and J. Watkins, The Arkansas Freedom ofInformation Act 69 (2nd ed. 1994). Although my research has yielded no case directly addressing the question, a court might accept the premise that any access to records maintained in computerized form must be "reasonable" in accordance with A.C.A. § 25-19-105(e), supra. Thus, while it may be correct to state that the FOIA does not directly apply to the provision of an on-line service, it is my opinion that the "[r]easonable access" requirement may nevertheless be deemed to apply in the event an agency chooses to maintain public records in an electronic form such that it can be accessed on-line. This may have ramifications, as discussed below, in connection with the cost of access. The fact that public records must be open to inspection and copying during regular business hours does not, in my opinion, mean that other avenues or methods of access are immune from the reasonableness requirement.[1]
In response to your second and third questions concerning establishing a fee for on-line access, it is my opinion that a conclusive answer can only be provided by the legislature or the courts. Currently, there are no guidelines for the establishment of such a fee. Simply put, the FOIA is antiquated and fails to address the many difficult issues that have arisen with the advent of the computer age. Many of these issues are discussed in the law review articles cited above. It is noted in Accessto Electronic Public Records, supra, that "[t]he debate on access to electronic records centers around cost recovery and the extent to which fees may, or should, be recovered. . . ." Id. at 463. As stated inAdventures in Cyber-Space, supra, "the Arkansas General Assembly should step forward and affirmatively resolve these issues before the courts are forced to attempt to apply the antiquated FOIA." 17 UALR L.J. at 438.
If, however, the question reaches a court before it is addressed legislatively, I believe that the general concept of charging a fee for on-line service would more than likely be approved. Yet it must be noted that there are several potential obstacles to this conclusion. It might be contended, for instance, that without specific statutory authority, the court clerk cannot charge a fee for the on-line service. This argument might be premised upon the notion that the fee would be analogous to charging for searching and retrieving public records. As noted by one commentator on the FOIA, the Attorney General has historically opined that an agency "must absorb search and retrieval costs. . . ." J. Watkins, The Arkansas Freedom of Information Act 164 (2nd ed. 1994).
Despite the FOIA's silence with respect to fees for copies of public records, however, this office has previously opined that an agency may charge a fee for copies (as opposed to a fee for search or retrieval time). See, e.g., Op. Att'y Gen. 96-259 and Attorney General Opinions cited therein. The Arkansas Supreme Court, in several unreported decisions, has also indicated that the court is not required to provide free copies of records. Williams v. State, No. CR 93-394 and Andrews v.State, No. CR 92-18. The court might determine by analogy that a reasonable access fee for on-line service is consistent with the FOIA's requirement of "reasonable access" to public records. A.C.A. §25-19-105(d). As noted above, computerized information is a record for FOIA purposes. See also A.C.A. § 25-19-103(1) defining "[p]ublic records" to include "data compilations in any form. . . ." Although the FOIA cannot, in my opinion, be construed to require on-line access to computerized information, the "reasonable access" requirement may well be construed to apply to any fee that is imposed once an agency decides to put its information on line.
The absence of specific statutory authority for charging a fee may also be problematic in light of A.C.A. § 21-6-401(d) (Repl. 1996), which specifically authorizes the Clerk of the Supreme Court to "implement a system whereby members of the public may be afforded electronic access to court decisions and other court records. . . ."[2] A "reasonable fee for the access" is also specifically authorized, to be established by court rule. Id. The question thus arises: Does this provision prevent electronic access, and a fee therefor, to records in the custody of the circuit/county clerk? Although this question is not easily resolved, it is in my opinion doubtful that the legislature intended by § 21-6-401(d) to deny on-line access as a means of access to other court records. This provision is not so pervasive, in my opinion, as to preempt the field.See generally Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980).
As noted above, however, the fee question will ultimately have to be decided either by the legislature or the courts. With the exception of Section 21-6-401, noted above, concerning Supreme Court and Court of Appeals records, the law in Arkansas is currently silent with respect to the specific fees that may be charged for access to information through on-line databases.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] If on-line access is provided, I believe consideration should also be given to the redaction of exempt information before system design and development. This issue is addressed in Petersen Roberts, Access toElectronic Public Records, 22 Fla. St. U.L. Rev. 477-480 (1994), an informative law review article concerning the many challenges raised by the use of new information technology in government record keeping. Unlimited access to government records would, moreover, be contrary to the FOIA in that it would not take into account the exempt status of certain information, whether under the FOIA or under a separate specific statute.
[2] This applies to records of the Supreme Court and Court of Appeals.See A.C.A. § 16-12-108(a) (Repl. 1994) ("[t]he Supreme Court Clerk shall serve as Clerk of the Court of Appeals.")