The Honorable Sam Pope Circuit Judge 10th Judicial District, Division 2 Ashley County Courthouse 205 West Jefferson Street Hamburg, Arkansas 71646
Dear Judge Pope:
This is in response to your request for an opinion on six questions concerning the collection of fines, court costs and restitution arising in circuit and chancery courts. Your questions are set out below and answered in the order posed.
Your first question is as follows:
 May a county contract with a private attorney to collect the following types of funds relative to circuit/chancery court, and retain a twenty-five percent (25%) commission?
a. court costs;
b. restitution; or
c. fines.
It is my opinion that the relevant statute authorizes a private contractor to collect only "fines" assessed in these courts.[1] Section16-13-709 (Supp. 1995) of the Arkansas Code provides in pertinent part that:
 (a)(1) The quorum court of each county of the state shall, on or before January 1, 1996, and on or before January 1 of each subsequent year, designate a county official, agency, department or private contractor who shall be primarily responsible for the collection of fines assessed upon defendants in the circuit and chancery courts of this state.
* * *
 (b)(1) If a private contractor is selected by the quorum court to collect fines, then to ensure the integrity of the court and to protect the county, the contractor shall register with the Secretary of State and shall file with the Secretary of State a surety bond or certificate of deposit.
 (2) The amount of the surety bond or certificate of deposit shall be fifty thousand dollars ($50,000). [Emphasis added.]
The statute above only authorizes the private contractor to collect fines. It does not mention courts costs or restitution. I have found no other relevant statute authorizing a private contractor to collect court costs or restitution arising from circuit and chancery courts. In addition, it appears that the issue would fall outside the county's "local legislative authority" under Arkansas Constitution, Amendment 55.See generally, Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980) (county ordinance imposing additional recording fees was inconsistent with state statute and invalid); and Venhaus v. State ex rel. Lofton,285 Ark. 23, 684 S.W.2d 252 (1985) (circuit courts and employees are not a local matter for purposes of county legislative authority).
It is my opinion, therefore, in response to your first question, that the quorum court has been given authority to contract with a private contractor to collect only "fines" arising from circuit and chancery courts. As to your reference to a twenty-five percent commission, the amount of the compensation to be paid the private contractor is not discussed or set in the statute, and presumably this is a matter of contract to be determined by the parties. It was stated in previous Attorney General's opinions that a "contingency fee" arrangement for the collection of circuit court fines would violate state law as well as Arkansas Constitution, Amendment 55, Section 5. See Ops. Att'y Gen.94-276. At the time of the issuance of Op. Att'y Gen. 94-276, state law did not authorize a private contractor to collect such fines at all, regardless of the manner in which the contractor was to be compensated. This authority was given only to the sheriff or circuit clerk. See
A.C.A. § 16-92-115 (Supp. 1995). It was also noted, however, in Opinion94-276, that a contingency fee contract with such a private contractor would violate Amendment 55, § 5 as constituting "fee based compensation." Similarly, in Opinion 95-085, also citing A.C.A. § 16-92-115, it was concluded that a contingency fee contract could not be entered with a private contractor to collect circuit court fines, because under state law at that time, only the sheriff or circuit clerk could collect such fines. Shortly after the issuance of that opinion, however, Act 1262 of 1995 became effective and changed state law on this point to authorize private contractors to collect such fines. It appears, additionally, that the proscription mentioned in Op. Att'y Gen. 94-276 against "fee based compensation" in Amendment 55 applies only against county officers or employees. See, e.g., Bahil v. Scribner, 265 Ark. 834, 581 S.W.2d 334
(1979). A private contractor, if in fact an independent contractor and not a county officer or employee, would thus not be subject to this proscription. I have found no other statutory proscription applicable to private contractors which would prohibit such a contingency arrangement.[2] It appears the funds arising from such fines become general county funds and are not earmarked by law for any specific purpose from which they could not be diverted. I have previously concluded, under similar facts, that there is no statutory or constitutional proscription against this arrangement with regard to the collection of fines arising in municipal court. See Op. Att'y Gen.91-282. To the extent Opinion 94-276 indicates a constitutional prohibition against this conclusion as to fines collected in circuit or chancery court, it is hereby superseded.
Your second question is as follows:
 If the answer is `yes' to any of the types of funds listed in question number one, must the total funds be remitted to the county, deposited into the proper county treasury account, and then a claim be filed with the county for the commission to be paid the private attorney his commission; or may the private attorney retain his commission directly from the funds collected, and remit the `net' to the county?
It is my opinion, in response to this question, that the total amount of funds collected by the private contractor should be remitted to the county for deposit in the county treasury. The contractor may then be paid his "commission" pursuant to regular county fiscal practices. This conclusion is compelled by state law. Section 16-92-113 of the Arkansas Code provides that: "all fines, penalties, and forfeitures imposed by any court or board of officers, other than city and police courts, shall be paid into the county treasury for county purposes." This statute thus requires fines collected to be paid into the county treasury. Cf. alsogenerally, A.C.A. § 14-25-103 (requiring "county officials" to deposit all funds collected, including fines, into approved county bank accounts).
Your third question is as follow:
 If a private attorney collects any of the types of funds listed in question number one, are the records of the private attorney relating to these funds subject to audit by the Division of Legislative Audit or to request under the Arkansas Freedom of Information Act?
In response to the first part of this question, A.C.A. § 10-3-411 (a) provides that: "The Legislative Joint Auditing Committee shall have the authority to conduct investigations . . . pertaining to the operation of any county . . . whenever the committee shall determine that investigations are necessary to make a proper determination with respect to the financial operations thereof, or the collection, handling, administration, or expenditure of any public funds allocated thereto." In my opinion the language of the statute above which gives the Committee the power to conduct investigations "pertaining to" the operation of a county when necessary to make a determination as to the collection and handling of public funds, may be construed broadly enough to include the funds handled by the private contractor you describe. In addition, A.C.A. § 10-4-106(a)(2) makes it the duty of the Legislative Auditor to "examine and audit all fiscal books, records, and accounts of all custodians of public funds. . . ." See also A.C.A. § 10-4-112(b) (giving the Legislative Auditor the right to audit the bank accounts of any person doing business with the state if such audit is necessary for the verifying of any audit made by the Division of Legislative Audit); and A.C.A. § 10-4-204 (giving the Legislative Auditor the right to examine bank accounts or records of a "business concern" in connection with verifying transactions or matters under investigation by the Division). It is therefore my opinion that the answer to the first part of your third question is "yes."
It is my opinion that the answer to the second part of your third question is also "yes." A similar conclusion was reached in Op. Att'y Gen. 91-282, in which it was stated that a collection agency engaged in collecting fines and costs arising in municipal courts would be subject to the Arkansas Freedom of Information Act, (A.C.A. §§ 25-19-101 to -107 (1987 and Repl. 1996)).
Your fourth question is as follows:
 If a private attorney is allowed to collect any of the types of funds listed in question number one, must the private attorney be bonded; and if so, what type of bond, and in what amount?
The answer to this question is "yes," pursuant to A.C.A. § 16-13-709(b), set out earlier. The contractor must either file a surety bond or a certificate of deposit with the Secretary of State in the amount of $50,000.
Your fifth question consists of two parts, and is as follows:
 a. In what order are collections of court costs, restitution, and fines to be credited to the various types of accounts? (In other words, to which fund should the first collections be credited if the total amounts are not collected?)
 b. If court costs or restitution are to be collected before fines, must a private attorney that is allowed to collect only fines wait until all court costs and restitution have been paid before collecting any of the fines?
In response to the first part of this question, I have concluded above that the private contractor only has the authority to collect fines, and not court costs or restitution. To the extent, therefore, that the private contractor makes a collection against a particular defendant, it will be a collection of a fine, and should be credited as such. Presumably, however, an effort will also be made by authorized officials to collect courts costs and restitution. In response to the second part of your fifth question, I have found no provision of state law which would require the contractor to wait until court costs and restitution awarded by circuit or chancery courts are collected prior to the collection of the fine moneys.[3] To the extent that collecting the court costs and restitution prior to the collection of the fine is desirable, this issue could conceivably be governed by the contract between the parties, although such a term in the contract might be impracticable. If this is the case, it appears legislative clarification is indicated.
Your sixth and final question is as follows:
 If a private attorney is allowed to collect any of the types of funds listed in question number one, must the sheriff continue to maintain time payment records?
It is my understanding that by "time payment records" you refer to a ledger kept by the sheriff listing the payments made by defendants towards the costs and fines assessed against them, and made in installments pursuant to an order of the circuit court in an individual defendant's case. As noted above, I have concluded that the private contractor is only authorized to collect "fines" arising from circuit and chancery courts. To the extent the "time payment records" kept by the sheriff encompass amounts other than amounts due toward payment of fines, their continued retention may be necessary.[4] In addition, the retention of such records may be necessary as to circuit court fines arising from municipal court appeals, which fines the sheriff must collect pursuant to Act 1341 of 1997 (see n. 1, supra), or with regard to any other amounts properly collected by the sheriff.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It is my assumption that your question involves only court costs and fines resulting from original actions filed in circuit court and not from cases originating in municipal court and later appealed to the circuit court. A new 1997 act provides, in the case of such appeals, that if the appeal proceeds to a de novo bench trial or jury trial, the fines and costs imposed by the circuit court "shall be collected by the sheriff and paid to the county treasurer." See Act 1341 of 1997, Section 24, effective July 1, 1997. If the defendant in such a case pleads guilty ornolo contendere or the circuit court dismisses the appeal and the cases is therefore affirmed or dismissed, the "municipal, city or police court shall collect and disburse the fines . . . and costs pursuant to [ACA]16-17-707." A question thus arises as to whether Act 1341 of 1997 prohibits the appointment of any person (including a private contractor) other than the sheriff or municipal, city or police court, as the case may be, to collect fines and costs associated with appeals from municipal court to circuit court.
[2] Sections 21-6-301 and 19-11-708 of the Arkansas Code, cited as authority for such a proscription in Op. Att'y Gen. 94-276, do not apply to the facts at hand. The former statute is applicable only to county "officers" and "employees," and the latter applies to contingency fee arrangements made in order to secure a state contract.
[3] See, however, A.C.A. § 16-10-209 requiring the collection of time payments of fines and court costs arising from municipal court, police courts, city courts, or justice of the peace courts to be credited first against court costs, and then against fines.
[4] Additional practical problems may occur with regard to the collection of fines by a private contractor where a court order authorizing time payments for such fines, court costs and restitution is in place. Reference to, and compliance with any such court orders will in all likelihood be necessary in the collection of fine moneys by the contractor.