The Honorable Fletcher Long Prosecuting Attorney First Judicial District P.O. Box 989 Forrest City, Arkansas 72336
Dear Mr. Long:
This is in response to Deputy Prosecuting Attorney Michael L. Ladd's request for an opinion on the legality of a "test ordinance." Specifically, the proposed ordinance provides as follows:
 AN ORDINANCE CREATING A FUND FOR THE PURCHASE AND UPKEEP OF POLICE EQUIPMENT Section 1: One dollar ($1.00) will be added to each and every fine which is paid to the County General fund by the Municipal Court Judge of Wynne in Cross County, provided that the total amount of the fine does not exceed the maximum amount as set out by the Arkansas Code Annotated. That One Dollar ($1.00) shall be deposited into a special fund known as the STATE POLICE EQUIPMENT FUND. The fund so created shall be designated the State Police Equipment Fund and expenditures from it may be made only upon the approval of the Quorum Court and the Post Sergeant stationed with the Arkansas State Police at Forrest City and the Troop Commander of Troop D.
 Section II: All expenditures from the Fund will be used to purchase only police equipment, radar equipment, radar certification, and emergency equipment.
 Section III: This Ordinance being necessary for the public peace, health, and safety, an emergency is hereby declared to exist and this Ordinance shall be in full force and effect from and after its passage and approval.
In my opinion the proposed ordinance is in all likelihood contrary to state law in several respects. As can be seen from the language above, the ordinance proposes to add one dollar to "each and every" fine which is paid to the county general fund from the Municipal Court of Wynne in Cross County. The additional funds are to be deposited in a specific fund to support equipment for the Arkansas State Police.
In my opinion, it is questionable, as an initial matter, whether the amount being levied can be properly classified as a "fine." It appears to more closely resemble a "court cost." It has been stated generally that a "fine" constitutes in whole or in part the punishment for an offense. It is intended to serve as a punishment of the offender and to act as a deterrent to others who may be tempted to commit similar offenses. Fines are fixed with reference to the object they are designed to accomplish.See generally, 36A C.J.S. Fines § 3. A "court cost," on the other hand, generally includes "fees and charges required by law to be paid to the courts or some of their officers, the amount of which is fixed by statute or court rule; e.g., filing and service fees." Black's Law Dictionary
(5th ed. 1989, p. 312 (defining "costs")). See also 20 C.J.S. Costs §§ 2 and 3.
In my opinion, a county is clearly prohibited by state law from levying an additional "court cost" unless authorized by state law. Legislation passed in the recent 1997 general session dictates this result. Section16-10-305 of the Arkansas Code (Supp. 1997), as amended by Acts 1997, Nos. 788 and 1341, sets the court costs to be levied against criminal defendants is various cases, including those in municipal courts. Subsection (d) of the statute provides that: "No municipality or county shall authorize and no police court, city court, municipal court, or circuit court shall assess or collect any other courts costs other than those authorized by this act, unless specifically provided by law." To the extent, therefore, that the proposed county ordinance can be said to levy a "court cost," it is contrary to state law, and would be held invalid by a court of competent jurisdiction. See also Ops. Att'y Gen.89-175 and 88-305 (stating that quorum court may not levy additional court costs in all civil or criminal cases absent statutory authority).See also Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980) (county may not levy additional court filing fees where intent was that such fees be uniform throughout the state). Section 14-14-805(13) prohibits a county from passing any legislative act contrary to the general laws of the state. The mere denomination of the amount as a "fine" or as an additional amount added to a "fine," cannot, in my opinion change its true character, if a court were to determine that its incidents truly define it as a "court cost."
Even if the additional amount can be truly characterized as a "fine," in my opinion, the ordinance may be contrary to state law. Counties do, of course, have the authority to prescribe penalties, including fines, for the violations of county ordinances. See A.C.A. § 14-14-906. They may not, however, define as an offense any conduct made criminal by state law. A.C.A. § 14-14-805(6). To the extent, therefore, that the ordinance in question would punish, by adding an additional one dollar fine, a violation of an offense made criminal by state law, it would appear to be contrary to state statute. As a corollary matter, the proper range of fines is determined by state law for the various levels of offenses (see A.C.A. § 5-4-201), and in municipal court a fine is usually ordered imposed either within an established range, or by legislatively prescribed amount, by the presiding judge. The statutes contemplate that a county will either prescribe a fine in an ordinance describing a particular offense, or in an ordinance prescribing fines or penalties generally. A.C.A. § 14-14-906(a)(1)(B). In my opinion, the type of fine proposed by the ordinance submitted is not contemplated by this language.
In any event, state law provides that all fines and penalties imposed for violation of any county ordinance are to be paid into the county general fund, not into a special "State Police Equipment Fund." A.C.A. §14-14-906(b). See also A.C.A. §§ 16-16-707; 16-92-113; 16-96-403 (Supp. 1997) and 21-6-310(a) (requiring transfer of fine money to the county treasury or county general fund).
Two other problems with the ordinance require discussion. The first involves a question of whether the funding of equipment for the Arkansas State Police, a state created and supported entity, is a proper county purpose or a "local matter" for purposes of quorum court legislative authority under Arkansas Constitution, Amendment 55. The resolution of this question would, in all likelihood, require a factfinder. Clearly, the county benefits from the activities of the state police, in more ways than one, and the Arkansas General Assembly has authorized counties, in at least limited circumstances, to provide equipment to that agency.See, e.g., A.C.A. § 12-10-207(4) (authorizing counties, at their own expense, to place complete mobile radios in state police vehicles). The quorum court, however, may not exercise any independent legislative authority not relating to "county affairs" (Amendment 55, § 1(b)). It may be argued that the support of a state agency, in this case the State Police, is not a "county affair" about which the quorum court has independent authority to legislate. See, e.g., Venhaus v. State ex rel.Lofton, 285 Ark. 23, 684 S.W.2d 252 (1982) (salaries of circuit court employees' is not a county affair, as they are state employees).
Another matter requiring discussion is more technical. The proposed ordinance states that the moneys in the new fund may be expended "only upon the approval of the Quorum Court and the Post Sergeant Stationed with the Arkansas State Police at Forrest City and the Troop Commander of Troop D." As noted earlier, general fine moneys collected by the county are to be deposited in the county general fund or the county treasury. Once deposited there and appropriated, as required by law, the disbursement procedure is governed by the provisions of Amendment 55, and A.C.A. § 14-14-1102(b)(2). All funds in the county treasury must be appropriated (A.C.A. § 14-14-1102(b)(2)(C)(i)), and the county judge or his designated representative is the appropriate official to oversee the disbursement. A.C.A. § 14-14-1102(b)(2)(A)(i).
In summary, it is my opinion that the proposed ordinance suffers from several potential legal infirmities, chiefly the fact that, in my judgment, the fine levied is in reality a "court cost" which counties are prohibited by state law from levying absent statutory authority.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh