The Honorable Myra Jones State Representative 5201 Country Club Boulevard Little Rock, AR 72207-4535
Dear Representative Jones:
This is in response to your request for an opinion on the following question:
 Can Little Rock create a storm water utility now or must legislation be passed to authorize the creation of storm water utilities before it can be accomplished?
You note that a bill was introduced in the 1997 legislative session, but did not pass, which would have authorized municipalities to regulate storm water discharges. See House Bill 1924 (81st Gen. Ass. Reg. Sess., 1997) ("AN ACT RELATIVE TO STORM WATER MANAGEMENT BY MUNICIPALITIES SUBJECT TO THE REGULATIONS FOR STORM WATER DISCHARGES OF THE ENVIRONMENTAL PROTECTION AGENCY AND AUTHORIZING LOCAL GOVERNMENTS TO REGULATE STORM WATER DISCHARGES, TO ESTABLISH A SYSTEM OF DRAINAGE AND FLOOD CONTROL FACILITIES, AND TO FIX AND REQUIRE THE PAYMENT OF FEES FOR THE PRIVILEGE OF DISCHARGING STORM WATER[.]")
I assume, following my review of this bill, that your question refers to the city's establishment and operation of facilities or improvements for storm water management and/or flood control, as envisioned in House Bill 1924, including the assessment and collection of a graduated fee for use of the facilities. See, e.g., House Bill 1924 at Sections 5 and 10.
It is my opinion that legislation will likely be necessary to authorize the city's creation of this type of facility, with the attendant powers envisioned in the 1997 House bill.
This conclusion is compelled primarily by the current state legislation in the area of drainage and flood control, and the absence of clear authority for a city to exercise the powers outlined in House Bill 1924. As we know from Arkansas Supreme Court rulings involving municipal authority, generally, municipalities are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution. Jones v. American Home Life Insurance Co., 293 Ark. 330,738 S.W.2d 387 (1987). Despite the adoption of the so-called "Home Rule" act in 1971 (see Act 266 of 1971, codified as A.C.A. §§ 14-43-601 through -611 (Repl. 1998)), cities are prohibited from enacting any ordinances "contrary to the general laws of the state." Ark. Const. art. 12, § 4.See also Fort Smith v. Housing Authority, 256 Ark. 254, 506 S.W.2d 534
(1974) and Nahlen v. Woods, 255 Ark. 974, 504 S.W.2d 749 (1974). Additionally, it has been held that where state regulation is so pervasive as to make reasonable the inference that the state has left no room for supplemental legislation, local provisions in the same field are prohibited. See Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980).
In this regard, it must be recognized that the General Assembly has authorized various means of addressing drainage and flood control concerns, including the creation of drainage and levee districts (see,e.g., A.C.A. §§ 14-120-101 et seq.) and drainage improvement districts within cities (A.C.A. §§ 14-122-101 et seq.). See also A.C.A. §§ 14-91-301
through -309 (authorizing agreements between municipal levee or flood control districts and the federal government, and authorizing municipalities to agree to operate and maintain projects and to provide financial assistance to districts). My research has not, however, disclosed any specific statutory authority for a city's exercise of the powers set out in House Bill 1924; and I believe such legislation will be necessary in light of the extensive existing legislation addressing these matters. See generally Kollmeyer, supra.
Assistant Attorney General Elisabeth A. Walker prepared this opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh