The Honorable Paul Bookout State Representative 2104 Catharine Drive Jonesboro, AR 72404-6963
Dear Representative Bookout:
This is in response to your request for an opinion on the following questions involving A.C.A. § 14-20-116 and Youth Accident Prevention Programs:
 1. Does any other existing law prevent the Craighead County Quorum Court from creating a Youth Accident Prevention Education Program by ordinance?
 2. Can Craighead County allocate funds for such a program from the portion of its penalty/fine/forfeiture revenues that it now remits to the Department of Finance and Administration after subtracting all money currently dedicated by ordinance to the County and cities in the county?
 3. Assume that, pursuant to A.C.A. § 14-20-116, the Craighead County Municipal Court wanted to allocate $5.00 of every fine, penalty, and forfeiture collected from individuals convicted of moving traffic offenses to fund a Youth Accident Prevention Education Program. Can the Municipal Court of Craighead County add an amount to each fine for DWI it imposes under A.C.A. § 5-65-103 and § 5-65-305, as long as the total fine imposed stays within the applicable statutory range, to offset the loss in revenue that might occur?
RESPONSE
It is my opinion that the answer to your first question is "no." I cannot answer your second question in the absence of further information regarding the precise funds in issue. The answer to your third question is, in my opinion, "yes."
Question 1 — Does any other existing law prevent the Craighead CountyQuorum Court from creating a Youth Accident Prevention Education Programby ordinance?
It is my opinion that the answer to this question is, generally, "no," with the understanding that this refers to some other education program established by the County for this purpose, i.e., a program other than one established under A.C.A. § 14-20-116 that is designed to educate students about driving while intoxicated and seat belt safety.[1] It is my opinion that the Quorum Court is not prevented from creating another program of this nature. This assumes, however, that any such program would be funded by some means other than that authorized in § 14-20-116, that is, other than through municipal court-allocated funds. See n. 1, supra.
This conclusion is compelled by the fact that in my view, A.C.A. §14-20-116, supra, is not so pervasive as to prevent local legislation in this field. See generally Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29
(1980). Clearly, a quorum court cannot exercise local legislative authority in a manner inconsistent with state law. A.C.A. § 14-14-801 (b) (13). See also Ark. Const. amend. 55, § 1 (a). The question you have raised in essence requires a determination as to whether A.C.A. §14-20-116 establishes the exclusive means by which a county can establish an education program of this nature. It is my opinion that it does not. A county, acting through its quorum court, is specifically authorized to exercise local legislative authority to "[p]reserve peace and order and secure freedom from dangerous or noxious activities[,]" unless "expressly prohibited" by law. A.C.A. § 14-14-801 (a) and (b) (3). Its explicit authority with respect to local services and functions also extends to youth services and public health services. A.C.A. § 14-14-802 (b) (2) (E). I cannot conclude, in light of these provisions, that the legislature intended to leave no room for local legislation when it enacted § 14-20-116. Rather, in my opinion, that Code section may reasonably be viewed as focusing on a particular means of funding an education program of this nature i.e., through the municipal court-authorized fine money. The language of § 14-20-116 is not so pervasive as to make reasonable the inference that the state has left no room for supplemental legislation. Kollmeyer, supra.
Question 2 — Can Craighead County allocate funds for such a program fromthe portion of its penalty/fine/forfeiture revenues that it now remits tothe Department of Finance and Administration after subtracting all moneycurrently dedicated by ordinance to the County and cities in the county?
According to my review, there is no provision for the remission of "penalty/fine/forfeiture" revenues to the Department of Finance and Administration ("DFA"). I am thus uncertain to which revenues this question refers. If in fact this has reference to the county's remittance of uniform filing fees and uniform court costs to DFA in accordance with A.C.A. § 16-10-307 (Supp. 1999), more information would be required in order to address the county's authority with respect to such funds. Clearly, pursuant to A.C.A. § 16-10-307 (e), the county is required to remit to DFA "all sums received in excess of the amounts necessary to fund the expenses enumerated in subsections (b) and (c) of [§16-10-307]." The county cannot, therefore, allocate any funds for such an education program from these sums due DFA.
Question 3 — Assume that, pursuant to A.C.A. § 14-20-116, the CraigheadCounty Municipal Court wanted to allocate $5.00 of every fine, penalty,and forfeiture collected from individuals convicted of moving trafficoffenses to fund a Youth Accident Prevention Education Program. Can theMunicipal Court of Craighead County add an amount to each fine for DWI itimposes under A.C.A. § 5-65-103 and § 5-65-305, as long as the total fineimposed stays within the applicable statutory range, to offset the lossin revenue that might occur?
It is my opinion that the answer to this question is "yes," assuming that the funds go to a program created under A.C.A. § 14-20-116, and not to some other program created by county ordinance (see response to Question 1, supra). The municipal court has the discretion, within the established ranges, to set the fines for these offenses. I find nothing prohibiting the court from increasing the DWI fine(s) to offset the $5.00 allocation authorized under § 14-20-116.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh
[1] Arkansas Code Annotated § 14-20-116 (a) (Repl. 1998) authorizes each county quorum court to establish a "Youth Accident Prevention Program designed to educate junior and senior high school students about driving while intoxicated, seat belt safety, and injuries resulting from drinking and driving and not being belted." The length of the program is specified, and funding authority is provided for municipal courts to allocate up to $5.00 of every fine, penalty, and forfeiture imposed and collected on moving traffic offenses. Id. at subsection (b).