Cheshire,
No. 6386

### James C. Hobart, as city manager of the city of Keene

*v.*

### Robert M. Duvall, Labor Commissioner & a.

November 30, 1972.

*Charles H. Morang,* city attorney, by brief and orally, for the plaintiff.

*Warren B. Rudman,* attorney general, and *Richard F. Therrien,* attorney (*Mr. Therrien* orally), for the defendants.

LAMPRON, J. The sole issue to be decided is whether the labor commissioner has jurisdiction under RSA 275:42-54 over the payment of wages to municipal employees. The plaintiff brought a petition seeking a writ of mandamus and a temporary restraining order to prevent the commissioner, the chief inspector, and the wage and hour administrator of the department of labor from conducting a hearing on wage claims filed by three former police officers of the city of Keene.

These claims were filed with the department of labor on August 20, 1971. Their basis was described as follows: "Recovery of back wages due by reason of departmental policy requiring one hour of free work before overtime is given. The one hour free is figured after your 8 hour tour." The labor department notified the city of these claims and of a hearing thereon scheduled for October 14, 1971. RSA 275:51.

The legislature has placed in the department of labor the enforcement of laws regulating the employment of help under the executive direction of its commissioner. RSA 273:1, 11. The State's protective laws regarding payment of wages are to be enforced by the commissioner. RSA 275:42-54. The plaintiff admits that one could assume at first glance that these laws apply to municipal employees. However, he maintains that the failure to include policemen and other municipal employees in an exemption granted by RSA 275:35 to workers performing similar work indicates that the legislature did not consider the days of rest and similar regulations applicable to municipal employees.

The payment of wages legislation here involved dates back to Laws 1887, ch. 26. Section 1 provided that these regulations applied among others, to "[e]very manufacturing, mining, quarrying, stone-cutting, mercantile, horse-railroad, telegraph, telephone, and municipal corporation . . . ." By succeeding enactments, several changes were made in the type and description of employers subject to these regulations. However, in all of these changes municipal corporations continued to be specifically included.

By Laws 1963, 237:3 the legislature adopted a new method of designating the employers whose employees were subject to these regulations. It replaced the former definitions, based on the type of business involved, with a broader general designation of "any individual, partnership, association, joint stock company, trust, corporation . . . employing any person, except employers of domestic labor . . . or farm labor where less than five persons are employed." It is to be presumed that in passing this amendment the legislature acted with knowledge of its prior legislation on the subject. *Ewing* v. *Frank,* 103 R.I. 96, 234 A.2d 840 (1967); *see Pepin* v. *Beaulieu,* 102 N.H. 84, 151 A.2d 230 (1959). There is nothing in the wording of the amendment or in its legislative history which would lead to the conclusion that the legislature intended to change the existing law by excluding municipal corporations from its application. *Plymouth School Dist.* v. *State Bd. of Ed.,* 112 N.H. 74, 289 A.2d 73 (1972).

In support of a contrary interpretation, the plaintiff advances the argument that the legislature at the same session adopted a "Home Rule" law. Laws 1963, ch. 275, now RSA ch. 49-A. He maintains that this law was intended to give municipalities autonomy to regulate municipal employee matters. It is to be noted that the legislature characterized this enactment "The Enabling Act for Local Option City Charters." RSA 49-A:1. Such an act is to be distinguished from "home rule" or "freeholders" charters established under specific constitutional authority elsewhere. Those municipalities derive their powers directly from the State constitution and not from the legislature. Rhyne, Municipal Laws *s.* 4-3 (1957); 56 Am. Jur. 2d Municipal Corporations, Counties, and Other Political Subdivisions *s.* 125 (1971). It follows that they have rights of self-government which are immune from the control of the legislature. *See Foltz* v. *Dayton,* 22 Ohio Misc. 27, 254 N.E.2d 395 (1969); 48 Am. Jur. 2d Labor and Labor Relations *s.* 1767 (1970).

However, the powers received by municipalities under RSA ch. 49-A are granted by the legislature itself. Consequently they come within the well-established doctrine of plenary control by the legislature over municipalities unless limited by constitutional provisions such as New Hampshire con-

stitution part I, article 39 which does not apply to this case. *Berlin* v. *Gorham,* 34 N.H. 266, 275 (1856); *Piper* v. *Meredith,* 110 N.H. 291, 295, 266 A.2d 103, 106 (1970); *Opinion of the Justices,* 109 N.H. 396, 400, 254 A.2d 273, 276 (1969); *see* Annot., 105 A.L.R. 259 (1936).

We hold that municipal corporations and their employees come within the provisions of RSA 275:42-54 regulating the payment of wages and that these regulations are intended to have statewide application. We hold further that the labor commissioner has jurisdiction over the claims made by these police officers. The temporary injunction issued by the Trial Court (*Loughlin,* J.) restraining the commissioner from acting on these claims should be dissolved and plaintiff's petition for a writ of mandamus denied.

*Petition denied; remanded.*

All concurred.