PAUL NAHLEN ET AL *v.* HENRY WOODS ET AL

73-228                                    504 S.W. 2d 749

Opinion delivered February 4, 1974

*Sam Hilburn,* for appellants.

*Smith, Williams, Friday, Eldredge & Clark,* by: *James A. Buttry* and *Thomas P. Leggett,* for appellee, Arkansas Bar Foundation.

*Henry Ginger,* Deputy Pros. Atty., 6th Judicial Circuit and *Wilson & Hodge,* for plaintiff-appellees.

LYLE BROWN, Justice. The appellants in this case are five officials of the city of North Little Rock: the finance director, the purchasing agent, the clerks of the municipal courts, and the city clerk. The appellees are the members of the Pulaski County Law Library Board and of the Arkansas Bar Foundation, the latter being an intervenor. The action arose as a result of the passage by the North Little Rock Council of an ordinance prohibiting the collection of court costs imposed by two Acts of the General Assembly, Acts 685 and 284 of 1971. Those Acts imposed a tax of $1.00 to support a county law library and $1.00 towards a law library building. The ordinance substituted a tax of $1.00 in cases processed in North Little Rock Municipal Courts to go into a North Little Rock law library book fund to be administered by a municipal law library board. The trial court issued a writ of mandamus sought by appellees which directed appellants to disregard the city ordinance and to comply with the State Acts heretofore described. The contentions on appeal are (1) that the city council properly repealed the two Acts of the General Assembly, that action being permitted by Act 266 of 1971, and (2) a mandamus was improper because it compelled the appellants to perform legal duties of a discretionary nature.

The three Arkansas Acts above mentioned are of course directly involved in this appeal and a more detailed description of them should be helpful:

1. Act 266 of 1971 which has been codified as Ark. Stat. Ann. § 19-1042 et seq. (Supp. 1971). Subject to restrictions in enumerated fields, cities of the first class are given certain legislative powers over municipal affairs. It is sometimes referred to as the "Home Rule Act".

2. Act 284 of 1971 which has been codified as Ark. Stat. Ann. § 25-504 et seq. (Supp. 1971). It authorizes the charging of $1.00 court costs per case in all counties for a county law library. If the Act is implemented by the county bar association and by the county court order the collection becomes mandatory. This Act is sometimes referred to as the "Book Fund Act".

3. Act 685 of 1971 which has been codified as Ark. Stat. Ann. § 25-508 (Supp. 1971). The Act authorizes the charging of $1.00 court costs in all counties having a population of at least 84,000 for a county law library building. If the Act is implemented by the county bar association and by the county court order the collection becomes mandatory. This Act is sometimes referred to as the "Building Fund Act".

North Little Rock is of course located in Pulaski County. It is undisputed that both the Book Fund Act and the Building Fund Act have been properly implemented by the appropriate bar association and by the county court.

We first deal with appellants' argument that North Little Rock, acting under Act 266, the Home Rule Act, properly repealed Acts 284 and 685, the Book Fund Act and the Building Fund Act. We cannot agree with appellants. In the first place, the legislature is prohibited by our constitution from delegating such authority of repeal. "No municipal corporation shall be authorized to pass any law contrary to the general laws of the State . . . . " Art. XII, § 4. *McLaughlin* v. *Retherford,* 207 Ark. 1094, 184 S.W. 2d 461 (1944); *Morrilton* v. *Comes,* 75 Ark. 458, 87 S.W. 1024 (1905); *State* v. *Lindsay,* 34 Ark. 372

(1879). Secondly, the Book Fund Act and the Building Fund Act were approved *subsequent* to the Home Rule Act. The legislature certainly did not, and could not constitutionally, surrender its inherent power to repeal or modify prior legislative acts on the subject. The effect of our constitution is to make Arkansas a *legislative* home rule state as compared to those few states known as *constitutional* home rule states because home rule is provided in their constitutions. Since we are a legislative home rule state our legislature possesses plenary power over the municipalities. See 1 Antieau, Municipal Corporation Law, § 3.08 (Supp. 1973); and *Hobart* v. *Duvall,* 297 A. 2d 667 (N.H. 1972).

Appellants next contend it was error to issue a writ of mandamus because the writ is not appropriate when it involves duties of public officials which are of a discretionary nature. We find no merit in the argument. In view of the fact that some costs might not be collected—due to the fact that the trial court might suspend the fine and costs, or permit the defendant to work out the penalty—§ 25-505 (1) provides that the county or municipality would not be liable for those costs which were not collected. That provision did not vest discretionary powers in the officers who are appellants; it was simply an exemption in those situations and in favor of the county or municipality in cases wherein the costs are not collected.

In their reply brief appellants make the assertion that Acts No. 284 and 685 of 1971 are special acts within the meaning of amendment No. 14 to the Arkansas Constitution. As best we can tell from the abstract the point was raised for the first time on appeal and in the reply brief. Ordinarily we would not consider the point; however, its merit was discussed in oral argument by both sides, so rather than ignore the point and cast an aura of doubt as to how the point, if properly raised, would have affected this litigation, we have no hesitancy in saying the contention is without merit. *Whittaker* v. *Carter,* 238 Ark. 1074, 386 S.W. 2d 498 (1965).

Affirmed.

FOGLEMAN, J., not participating.