The Honorable Phil Wyrick State Representative 11001 Alexander Road Mabelvale, Arkansas 72103-1905
Dear Representative Wyrick:
This is in response to your request for an opinion on the following question:
 1) Whether or not a City owned Water and Light Plant is exempt from the 3% Preference Act?
It is my opinion that the answer to your question is "no."
The "preference act" to which you refer is found at A.C.A. §22-9-206 (Cum. Supp. 1991). It provides a three percent preference for bidders on public works contracts who have satisfactorily performed prior contracts, who maintain at least one staffed office in the State of Arkansas, and who have paid, for the last two years, either Arkansas Employment Security taxes, Arkansas Gross Receipts taxes, or Compensating Use taxes on property to be used in the contract, and who have paid local taxes on such property for the last two years. A bid from this type of bidder will be deemed a "better bid" if it is within three percent of the lowest bid.
This statute is found in a subchapter which requires the taking of bids for contracts entered into by the "state, or any agency thereof, any county, municipality, school district, or other local taxing unit." A.C.A. § 22-9-203(a) (Cum. Supp. 1991). The Arkansas Supreme Court has held that this subchapter does not apply to local housing authorities because these public corporations are neither agencies of the state nor taxing units.Fagan Electric Co., Inc. v. The Housing Authority of the City ofBlytheville, 216 Ark. 932, 228 S.W.2d 39 (1950). The Supreme Court also held recently, however, that this subchapter was applicable to a nonprofit corporation which, under contract, operated the utilities owned by the City of Conway. Conway Corp.v. Construction Engineers Inc., 300 Ark. 225, 782 S.W.2d 36
(1989).
In my opinion, the Conway Corporation case is more apposite to the facts you have presented than the Fagan case. The local housing authorities in issue in Fagan are distinct from a municipally-owned utility. These authorities are created by state law and become effective upon action of the municipality. A.C.A. § 14-169-207. It has been held that the operation of these authorities is not a "municipal affair." A housing authority is a separate authority created to "cooperate" with the city, and the authority is separate and apart from the municipality in which it exists. City of Fort Smith v. Housing Authority, 256 Ark. 254,506 S.W.2d 534 (1974). These authorities are not owned or controlled by the municipality. Id. at 258. Vacancies are filled by the remaining members (subject to confirmation by the municipal governing body. Id.) of the authority. A.C.A. §14-169-208(c)(2)(B) (Cum. Supp. 1991). It is given independent power of eminent domain. A.C.A. § 14-169-219.
Correspondence attached to your request indicates that the particular city owned water and light plant in question is operated by an elected board of directors. The operation of city water and light plants through the appointment of commissioners or board members is authorized at A.C.A. §§ 14-201-101 etseq. and A.C.A. §§ 14-201-201 et seq. Under the former subchapter, the commission is created by ordinance of the municipality, and the commissioners appointed by the city council. A.C.A. § 14-201-105(a) and (b). Under the latter, the board members are elected by the voters of the city. A.C.A. §§14-201-202 and 14-201-204. In either case, and in contrast to local housing authorities, the city council exercises authority over the board or commission, (A.C.A. §§ 14-201-104 and14-201-206), and acts to fill vacancies on the board or commission. A.C.A. §§ 14-201-105(e) and 14-201-204(d). It is my opinion that the exercise of authority by, and actions of, these boards or commissions are the same as the actions of the municipality for purposes of A.C.A. § 22-9-206.
This conclusion is supported by the recent decision in ConwayCorporation, supra. Although the court never addressed the question squarely, it is presumed throughout the opinion that A.C.A. §§ 22-9-201 et seq. has applicability to municipally operated utilities. In Conway Corporation, it was even impliedly held that this subchapter was applicable to a nonprofit corporation which acted on behalf of the municipality with regard to these utilities.
Another reason exists for reaching this conclusion. Arkansas Code Annotated § 22-9-201(b) states that the provisions of A.C.A. §22-9-204 (governing subcontracting and subletting) "shall not apply to projects designed to provide utility needs of a municipality or county." This particular provision (§ 22-9-204) is not applicable to utility projects of municipalities.[1]
If the provisions of the subchapter were not applicable to municipally owned utilities at all, there would be no need for this exception. In my opinion, this exception is indicative of legislative intent that the act apply to municipal utilities. The legislature thought it necessary to exempt municipal utility projects from the provisions of A.C.A. § 22-9-204, but did not exempt these projects from the provisions of any other subsection, including A.C.A. § 22-9-206. The implication from this action is that the legislature assumed that the provisions of the subchapter were applicable to municipally owned utilities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A.C.A. § 22-9-201(b) was enacted in 1977, when the legislature presumably was aware that many cities of the first class were operating city utilities under the provisions of either A.C.A. §§ 14-201-101 et seq. or A.C.A. §§ 14-201-201et seq. See Act 370 of 1977, Section 2.