The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion on behalf of Batesville City Attorney Stanley Montgomery, concerning the operation of the Newport Parks and Recreation Commission. Specifically, Mr. Montgomery poses four questions relating to the creation of the "Youth Commission" by the Parks and Recreation Commission. You have attached with your request a copy of a letter from Mr. Montgomery and a copy of Title 12 of the Newport Municipal Code, which creates the Parks and Recreation Commission and which, at section 12.04.11, gives the Commission the authority to create a "Youth Commission" which is under the direct supervision and control of the Parks and Recreation Commission and has essentially the same powers and duties as the Parks and Recreation Commission. Also enclosed is a proposed ordinance which would give the "Youth Commission" the authority to maintain a bank account into which funds paid to the Youth Commission may be deposited, and the authority to spend these funds for purchase of equipment and salaries and fees of umpires, referees, and other persons. Mr. Montgomery has posed four questions relating to these facts as follows:
 First, is it a proper delegation of authority to grant the Parks and Recreation Commission the authority to create the Youth Commission and, under Section 12.04.11(f), to grant it virtually the same powers vested in the Parks and Recreation Commission under Section 12.04.06?
 Second, if the answer to the first question is "yes," in light of state law and Newport Municipal Code 12.04.07, may the ordinance be amended as proposed, to allow the Youth Commission to establish bank accounts, subject to an annual accounting?
 Third, if the answer to the first question is "yes," would the members of the Youth Commission be covered under the city's blanket security bond?
 Fourth, if the answer to the first question is "yes," would the members of the Youth Commission be vested with tort immunity as an entity of the City?
It is my opinion that the answer to your first question is "no."
There are three separate statutory sections in Arkansas authorizing the creation by certain municipalities of a "Parks and Recreation Commission." See A.C.A. §§ 4-269-101—112,14-269-201—206, and 14-269-301—306. See also Op. Att'y. Gen.91-041, a copy of which is enclosed. Although it is unclear from the documents provided, it appears that the applicable subchapter is A.C.A. § 14-269-301—306, which was enacted on March 29, 1949, and applies to Parks and Recreation Commissions created after that date by cities of the first and second class. See Act 471 of 1949, §§ 1 and 16 and Newport City Ordinance No. 673. This subchapter sets out the powers and duties of the Parks and Recreation Commission in a comprehensive fashion. The subchapter grants "exclusive" authority to the Parks and Recreation Commission over certain matters, including the exclusive authority to make purchases of all supplies and property necessary to the operation of the parks program, and the exclusive authority to handle revenues derived from the operation of the program. A.C.A. §§ 14-269-303(c)(1) and 14-269-305(b)(2). Under the Newport Municipal Code, the former power is granted to the Youth Commission, "under the direct supervision and control of the Parks and Recreation Commission" (see Newport Municipal Code, § 12.04.11(h)). The latter power is apparently exercised by the Parks Commission through the office of the city clerk, and the funds are not necessarily to be segregated. Newport Municipal Code § 12.04.07. See contra A.C.A. § 14-269-305(b)(1). The proposed ordinance would give the Youth Commission authority to handle funds through its own bank account from which supplies and equipment would be purchased.
Municipalities are creations of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution. Jones v. American Home Life Insurance Co.,293 Ark. 330, 738 S.W.2d 387 (1987). Despite the adoption of the "Home Rule" Act in 1971 (see Act 266 of 1971), cities are prohibited from enacting any ordinances "contrary to the general laws of the state." See Arkansas Constitution, art. 12, § 4;Fort Smith v. Housing Authority, 256 Ark. 254, 506 S.W.2d 534
(1974), and Nahlen v. Woods, 255 Ark. 974, 504 S.W.2d 749
(1974). Additionally, it has been held that where state regulation is so pervasive as to make reasonable the inference that the state has left no room for supplemental legislation, local provisions in the same field are prohibited. Kollmeyer v.Greer, 267 Ark. 632, 593 S.W.2d 29 (1980).
In my opinion, the city council's delegation of power to the Parks and Recreation Commission to create the "Youth Commission" and bestow upon it the powers vested by state law, in some instances exclusively, in the Parks Commission, is contrary to state law and therefore invalid. By statute, only the city council is invested with the authority to create city "offices" and city commissions. See A.C.A. § 14-43-502(b)(3). Although the council has authorized the Parks Commission, through an ordinance, to create the Youth Commission, the ordinance provides that the Parks Commission shall appoint the members of the Youth Commission. By statute, only the council is invested with the authority to appoint city officers. See again A.C.A. §14-43-502(b)(3).
All of these factors lend toward the conclusion that the creation of a formal administrative body composed of city officers to perform powers and duties which under state law are invested in another body is contrary to law.
Although certainly the Parks and Recreation Commission is free to enlist the input and aid (in an advisory capacity) of interested citizen groups in the exercise of its duties, and although it is authorized to hire employees to whom some duties may be delegated, it is my opinion that the wholesale creation of a separate city commission to perform all duties devolving upon the Parks Commission under state law would be subject to challenge.
Resolution of your three remaining questions is unnecessary in light of the negative answer to your first question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure