The Honorable Myra Jones State Representative 5201 Country Club Boulevard Little Rock, AR 72207-4535
Dear Representative Jones:
This is in response to your request for an opinion on the following question:
 Can Little Rock create a municipal conservation district now or must legislation be passed to authorize conservation districts before it can be accomplished?
You indicate that this question is asked in light of a bill which was introduced in the 1997 legislative session but which did not pass, entitled "An Act to Provide for the Creation of Conservation Districts[.]" Senate Bill 144 (81st Gen. Ass. Reg. Sess., 1997). I thus assume that your question pertains to the creation of a "conservation district" as envisioned under the 1997 legislative proposal.
It is my opinion that the answer to this question is "no." The state "Historic Districts Act" (codified as A.C.A. §§ 14-172-201 through -212 (Repl. 1998)), would in my opinion prevent the creation of a "conservation district" such as that envisioned in the 1997 senate bill. Separate legislative authorization would thus be necessary in this regard.
This conclusion is compelled primarily by the fact that the Historic Districts Act, referenced above, has been deemed a legitimate use of the state police powers. See Second Bapt. Church v. L.R. Historic Dist.Comm'n, 293 Ark. 155, 159, 732 S.W.2d 483 (1987) (noting that the Act's authorization of historic districts to promote the educational, cultural, and economic welfare of a community "has been deemed a legitimate use of the police powers by numerous state and federal courts.") We know in this regard that matters coming within the police power of the state are specifically designated as "state affairs," as distinguished from "municipal affairs," under A.C.A. § 14-43-601(a)(1)(J) (Repl. 1998).[1] As such, conflicting municipal legislation is specifically prohibited. A.C.A. § 14-43-601(a)(2).
As you note in your request, the bill that was introduced last session authorizing the creation of "conservation districts" closely paralleled the Historic Districts Act. These pieces of legislation are, however, significantly different in several respects, as is revealed by a cursory review and comparison of the two. Compare, for instance, A.C.A. §14-172-207 and Section 7 of the 1997 Senate Bill 144 regarding procedures for establishing a district, and A.C.A. § 14-172-208 and Senate Bill 144, § 10 regarding issuance of certificates of appropriateness.
It is readily apparent that a "conservation district" as provided for in Senate Bill 144 would be formed under different procedures and would exercise different powers, but would essentially be regulating the same areas contemplated by the current Historic Districts Act. It seems clear, in my opinion, that the municipal conservation district would be created under conflicting municipal legislation, contrary to A.C.A. §14-43-601(a)(2) (stating that municipalities "may exercise any function or legislative power upon . . . state affairs if not in conflict with state law.")
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
[1] This Code provision is part of what is often referred to as the "Home Rule Act" (Act 266 of 1971), which gave municipal corporations extensive authority over their "municipal affairs." See A.C.A. §§14-43-601 to -611). Despite the adoption of this act, however, cities are prohibited from enacting any ordinances "contrary to the general laws of the state." Ark. Const. art. 12, § 4. See also Fort Smith v. HousingAuthority, 256 Ark. 254, 506 S.W.2d 534 (1974) and Nahlen v. Woods,255 Ark. 974, 504 S.W.2d 749 (1974).