REQUESTED BY: Deborah S. Suttle, Senator Nebraska State Legislature.
OPINION REQUEST:
LB 523, also known as the Nurse Licensure Compact, is pending on General File in the Unicameral. On April 5, 1999, we issued opinion #99014 that LB 523 would likely constitute an impermissible delegation of legislative power.
Your opinion request submitted a list of proposed amendments which you described as enabling language. You noted that proposed Amendment #5 is intended to address the issue of unconstitutional delegation of legislative authority. Proposed Amendment #5 states as follows:
 After the effective date of this legislation, the Department may withdraw this state from the Nurse Licensure Compact if the Department becomes aware that a state that is a party to the compact has changed that state's requirements for licensing a nurse and that the state's requirements, as changed, are substantially lower than the requirements for licensing a nurse in this state.
As we understand your opinion request, you wish us to review the Proposed Amendment #5 to determine if it resolves our prior opinion that the Nurse Licensure Compact constitutes an unconstitutional delegation of legislative authority.
CONCLUSIONS:
 1. Proposed Amendment #5 creates an added problem of unconstitutional delegation of legislative authority by delegating to an administrative agency what amounts to the authority to repeal the Nurse Licensure Compact.
 2. Proposed Amendment #5 contradicts the withdrawal provisions of the Nurse Licensure Compact [Article X(a)], which provide that a party state may with draw from this compact by enacting a statute repealing the same. . . ."
 3. Proposed Amendment #5 creates the potential for considerable uncertainty for any future issues related to withdrawal from the Compact because of its unconstitutional nature and contradiction with the remaining Compact language.
 4. The nature of an interstate compact presumes party states have enacted substantially the same compact language. Contradictions in compact withdrawal statutes among party states are contrary to the entire concept of an interstate compact.
 5. One way to address a concern about an unconstitutional delegation of legislative authority would be by an amendment to LB 523 requiring the Department to determine whether a party state's qualifications for nursing licenses are the substantial equivalent of Nebraska's minimum qualifications. Such a determination could be made a prerequisite to Nebraska's recognition of home state licenses issued by each party state.
ANALYSIS:
 Overview of LB 523, the Nurse Licensure Compact:
LB 523, hereafter referred to as the Nurse Licensure Compact, could accurately be described as model legislation providing for information sharing and reciprocity among party states concerning the practice of nursing. It is our understanding the compact language has been enacted by the states of Arkansas, Maryland, North Carolina, Texas, and Utah. The model compact language is a product of the efforts of the National Council of State Boards of Nursing, a nonprofit entity whose membership consists of the boards of nursing of all 50 states, the District of Columbia, and five United States territories.
The Nurse Licensure Compact allows a nurse licensed in her "home state" to practice nursing in other compact party states by party state recognition of the home state license. A "home state" is defined as "the party state which is the nurse's primary state of residence". A nurse can hold a license in only one party state at a time, which is to be the license issued by the home state. A nurse who intends to change her primary state of residence is to apply for licensure in the new home state. A nurse seeking a license in her home state must meet the home state's qualifications for a license and license renewal.
Under the Nurse Licensure Compact, a nurse must comply with the nursing practice laws applicable to the state where the patient is located at the time care is provided. The home state can discipline the nurse's license. In addition, any party state can take action against a nurse's privilege to practice nursing in a party state. Disciplinary action by the home state or adverse action by a party state can be based upon factual findings of the nursing regulatory body in the home or party states.
The Nurse Licensure Compact also has provisions for reporting and sharing investigative, disciplinary, and adverse action information among the party states as well as other information sharing provisions. Finally, there are provisions which permit any party state to unilaterally withdraw from the Compact by legislative enactment to take effect six months after notice of withdrawal. There are no penalty provisions for withdrawal.
Proposed Amendment #5:
The power to repeal legislation is vested in the legislature. State of Nebraska ex rel. Stenberg v. Moore,249 Neb. 589, 544 N.W.2d 344 (1996). The legislature cannot delegate its power to repeal prior legislative acts. Nahlen v. Woods,504 S.W.2d 749 (Ark. 1974).
Proposed Amendment #5 would give the Nebraska Department of Health and Human Services Regulation and Licensure ("Department") the power to withdraw the State of Nebraska from the compact, which would have the same effect as repealing the Nurse Licensure Compact. Thus, Proposed Amendment #5 would be an unconstitutional delegation of the legislature's power.
In addition, Proposed Amendment #5 conflicts with Article X(a) of the Nurse Licensure Compact, which states as follows:
 Any party state may withdraw from this compact by enacting a statute repealing the same, but no such withdrawal shall take effect until six months after the withdrawing state has given notice of the withdrawal to the executive heads of all other party states.
The contradiction between Proposed Amendment #5 and Article X(a) is obvious and would create considerable uncertainty in the event Nebraska should ever desire to withdraw from the Nurse Licensure Compact after enactment. Scenarios could arise such as the Department purporting to withdraw Nebraska from the compact without a specific repeal of the compact by the legislature, uncertainty as to whether a compact even exists among "party states" on the issue of how to withdraw, and other party states questioning whether a withdrawal has occurred, all of which can only create general confusion as to who can legally practice nursing in Nebraska.
 Our prior Opinion #99104 — the Unconstitutional Delegation of Legislative Authority:
Our prior Opinion # 99104, dated April 5, 1999, was in response to your request to review the constitutionality of the Nurse Licensure Compact in connection with Kansas Attorney General Opinion No. 99-3. The Kansas Attorney General's opinion concluded that the Nurse Licensure Compact would be an unconstitutional delegation of legislative authority. We agreed with the Kansas Attorney General and also concluded that the Nurse Licensure Compact would unconstitutionally delegate legislative power by purporting to allow the legislatures of other states to establish qualifications for nurses practicing in Nebraska.
Although we normally do not suggest methods for amending legislation to resolve constitutionality concerns, your opinion request notes you are eager to proceed with legislation to enact the Nurse Licensure Compact. In order to assist you and avoid the need for repeated opinion requests on proposed amendments, we make the suggestion that you consider an amendment to LB 523 requiring the Department to determine whether a party state's qualifications for a nursing license are the substantial equivalent of Nebraska's minimum qualifications. The amendment would make such a determination a prerequisite for Nebraska's recognition of home state licenses issued by each party state.
Neb. Rev. Stat. § 71-1,132.15 currently provides for the Department to issue a nursing license by endorsement to a nurse licensed in another state upon a Department determination that the nurse meets the qualifications required of a nurse in this state. There are other examples of substantial equivalency provisions. See, Neb. Rev. Stat. § 44-501 (6) (Department of Insurance authority to make determinations whether fire insurance provisions are the "substantial equivalent of the minimum provisions of the standard policy" required by Nebraska); Neb. Rev. Stat. § 71-5189 (Department of Health and Human Services Regulation and Licensure may issue certificates to out-of-hospital emergency care providers holding licenses from another jurisdiction upon Department and board determination that other state licensing standards are the "substantial equivalent" of Nebraska's); Neb. Rev. Stat. § 64-204 (Notary public acknowledgments accepted which contain certifying language which is the "substantial equivalent" of Nebraska's certifying language). Nebraska's Uniform Licensing Law also allows for the licensing of health professionals licensed in other states upon the Department and/or professional boards making determinations whether out of state licensing requirements are "comparable" to Nebraska's requirements. See, Neb. Rev. Stat. §§ 71-139 and71-139.01.
Sincerely,
 DON STENBERG Attorney General
 James D. Smith Assistant Attorney General
APPROVED BY:
DON STENBERG
Attorney General