The Honorable Terry Smith State Senator 101 Hal Court Hot Springs, AR 71901
Dear Senator Smith:
I am writing in response to your request for an opinion on the following questions concerning a city's proposed payroll policy:
 1. Does A.C.A. § 11-4-402(b)(1) apply to municipalities? If not, are there any other state statutes that would prevent the city from adopting a mandatory direct deposit/debit card payment of wages policy?
 2. If A.C.A. § 11-4-402(b)(1) is applicable to municipalities, would the provision of a payroll debit card to those employees who opt out of electronic direct deposit satisfy the `payment by check' requirement of A.C.A. § 11-4-402(b)(1)(B)?
RESPONSE
It is my opinion in response to your first question that A.C.A. §11-4-402(b)(1) does not apply to municipalities, and that a mandatory direct deposit policy would be contrary to A.C.A. § 14-59-105(d), which is part of the Arkansas Municipal Accounting Law of 1973. Additionally, I have found no authority for a mandatory debit card payment of wages policy. A response to your second question is unnecessary in light of these conclusions.
Section 11-4-402 requires that "any milling or manufacturing company, or any other person, corporation, or company employing persons to labor for them" must pay its employees "in currency or by check or electronic direct deposit. . . ." A.C.A. § 11-4-402(a) and (b)(1)(A) (Supp. 2003).[1] My immediate predecessor concluded that this statute "appears directed at private industry[,]" and that it does not apply to state agencies and institutions. Op. Att'y Gen. 99-310. I agree with the conclusions therein. In my opinion, a municipality is similarly not within the contemplation of A.C.A. § 11-4-402. The answer to the first part of your first question is therefore "no," in my opinion.
With regard to your second question concerning any other relevant statutory proscriptions, my research has disclosed a provision in the Arkansas Municipal Accounting Law of 1973 that would appear to prevent a mandatory direct deposit policy for payment of wages to city employees. Arkansas Code Annotated § 14-59-105 generally requires that all disbursements of municipal funds must be made by "prenumbered checks." A.C.A. § 14-59-105(a) (Repl. 1998). An exception is made, however, in the case of salaries and wages. Subsection (d) of § 14-59-105 provides as follows:
 (d) Disbursements of municipal funds used for payment of salaries and wages of municipal officials and employees may be made by electronic funds transfer (EFT) provided that:
 (1) The municipal employee or official responsible for such disbursements shall maintain a ledger containing at least the name, address and social security number of the employee receiving payment of salary or wages; the routing number from the bank in which the funds are held; the account number and the accounts clearing house trace number pertaining to the transfer; the date and amount transferred and proof that the employee has been notified of direct deposit of their salary or wages by EFT, and;
 (2) No such disbursement may be made by EFT without written consent of the employee to whom direct deposit is made.
A.C.A. § 14-59-105(d) (Repl. 1998) (emphasis added).
As you can see, according to the language emphasized above, an employee must consent to the direct deposit of his or her salary or wages. A mandatory direct deposit policy would thus be contrary to the Arkansas Municipal Accounting Law of 1973.
With regard to a mandatory debit card payment policy, I have found no statute authorizing this type of instrument or device for paying municipal employees' wages; and in my opinion statutory authorization is likely required in light of A.C.A. § 14-59-105 which, as noted above, generally mandates that disbursements of municipal funds must be made by prenumbered checks. Subsection (a) of § 14-59-105 states:
 All disbursements of municipal funds, except those described in this section and as noted in § 14-59-106, petty cash funds, are to be made by prenumbered checks drawn upon the bank account of that municipality. [Emphasis added.]
The exception for petty cash is obviously inapplicable. The only other exception in § 14-59-105 is that discussed above, pertaining to "municipal funds used for payment of salaries and wages," which only authorizes direct deposit via electronic funds transfer. Cities are prohibited from enacting any ordinances "contrary to the general laws of the state." Ark. Const. art. 12, § 4. See also generally Fort Smith v.Housing Authority, 256 Ark. 254, 506 S.W.2d 534 (1974) and Nahlen v.Woods, 255 Ark. 974, 504 S.W.2d 749 (1974). It seems clear that a city would be acting contrary to A.C.A. § 14-59-105 if it instituted a policy of paying wages through a payroll debit card.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/EAW:cyh
[1] Employees may opt out of electronic direct deposit by requesting payment by check. Id. at subsection (b)(1)(B).