The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, AR 72701
Dear Senator Madison:
I am writing in response to your request for an opinion on the following:
 1. Does a city or county have the authority to levy their own tax on the transfer in ownership of real estate within their designated city or county boundaries?
2. If so, what procedures should be followed to exact such a tax?
RESPONSE
In my opinion, a city or county does not have authority to levy a real estate transfer tax because Arkansas law does not clearly authorize the imposition of such a tax and doubts as to whether such authority exists will be resolved against the imposition of the tax. It is, therefore, unnecessary to answer the second question posed.
Question One: Does a city or county have the authority to levy their owntax on the transfer in ownership of real estate within their designatedcity or county boundaries?
Absent clear judicial or legislative guidance, I believe that neither a county nor a city has the authority to levy a transfer tax on real property within its geographical jurisdiction because existing Arkansas law is unclear as to whether such authority exists and any doubt as to whether such authority exists is resolved against the city or county.[1]
WHETHER A COUNTY HAS THE AUTHORITY TO LEVY A TRANSFER TAX ON REALPROPERTY LOCATED WITHIN ITS BOUNDARIES
It is my opinion that a county is not authorized to levy a transfer tax on real property within its boundaries because there is no clear grant of power and authority for a county to impose a real property transfer tax and a question arises as to whether the State Real Property Transfer Tax preempts county action in this regard.
The tax you describe in your request for an opinion would apparently be a local version of the Real Property Transfer Tax levied by the State. A.C.A. § 26-60-101 through -112 (Repl. 1997 and Supp. 2003). The Real Property Transfer Tax is a transactional tax levied on written instruments conveying title in real property. A.C.A. § 26-60-105 (Repl. 1997). The full consideration paid for the reality is subject to this tax. Id. This tax is administered by the Department of Finance and Administration which has the authority to promulgate rules and regulations to implement and enforce the tax. A.C.A. §§ 26-60-103 and -104 (Repl. 1997).
A county real property transfer tax is neither specifically authorized nor specifically prohibited in the Arkansas Code. If a county is to levy a tax on the transfer of real property it must not be otherwise prohibited by law or supplanted by State law or regulation. See Ark. Const. Amend. 55, § 1(a); and A.C.A. § 14-14-801(a) (Repl. 1998). In my opinion, the pertinent question as to whether the tax you propose is legal is whether the State Real Property Transfer Tax fully supplants the field precluding any local legislative authority over the area.
The taxing authority of counties is statutorily prescribed. Specifically, the Arkansas Code states that counties have the authority to "levy taxes in a manner prescribed by law." A.C.A. § 14-14-801(b)(1) (Repl. 1998). In addition, A.C.A. § 26-73-103, pertaining to county and local taxes, states:
 In addition to all other authority of local governments to levy taxes provided by law, any county . . . or municipality . . . may levy any tax not otherwise prohibited by law. However, no ordinance levying . . . any . . . tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
A.C.A. § 26-73-103(a) (Repl. 1998). This affirmative grant of power is limited by other provisions of the Arkansas Code. The county may not, for example, exercise any local legislative authority that is inconsistent with State law or regulations.
 (a) A county government exercising local legislative authority is prohibited the exercise of any power in any manner inconsistent with state law or administrative regulation in any area affirmatively subjected by law to state regulation or control.
 (b) The exercise of legislative authority is inconsistent with state law or regulation if it establishes standards or requirements which are lower or less stringent than those imposed by state law or regulation.
 (c) An area is affirmatively subjected to state control if a state agency or officer is directed to establish administrative rules and regulations governing the matter or if enforcement of standards or requirements established by statute is vested in a state officer or agency.
A.C.A. § 14-14-808 (Repl. 1998). The Arkansas Code also addresses the exercise of concurrent power between the State and a county stating:
 If [a] state statute or administrative regulation prescribes a single standard of conduct, an ordinance is consistent if it is identical to the state statute or administrative regulation.
A.C.A. § 14-14-809(b) (Repl. 1998).
A county may not exercise local legislative power in any manner inconsistent with state law. Kollmeyer v. Greer, 267 Ark. 632,593 S.W.2d 29 (1980). The State may preempt any local legislative authority by regulating an area completely so as not to leave reasonable room for local regulation. Id. The Court also noted that the "General Assembly should be clear when it intends to pre-empt a field that otherwise could be validly regulated by county ordinance[.]" Id. at 637. A county could not, therefore, levy the tax you propose if it is expressly prohibited by statute or if the State has supplanted the field through state law or regulation. An example of state preemption is illustrated by Kollmeyer,supra, wherein the Arkansas Supreme Court held that Washington County was prohibited from imposing of an additional fee on instruments recorded by a county clerk above the "uniform fee" authorized by statute because such action was inconsistent with state law. Id. at 636-37. The court stated:
 The situation is comparable to the federal doctrine of preemption that is utilized in reconciling federal law with any state law that seeks to regulate the same subject matter. As noted by the United States Supreme Court in Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947), one must inquire if" the federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplant it."
Id. The court in Kollmeyer noted that the applicable statutory scheme envisioned "uniform" filing fees, thus prohibiting additional fees levied at the county level. Id. at 637.
There is no express statutory prohibition on a local real property transfer tax. In addition, the State Real Property Transfer Tax does not state an intention that it be "uniform" throughout the State. Nevertheless, in my opinion, the State may have supplanted local legislation over real property transfer taxes.
The Real Property Transfer Tax is a State tax and is affirmatively subject to State control (as described in A.C.A. § 14-14-808), through regulation and enforcement by the Department of Finance and Administration. See A.C.A. §§ 26-60-103 and -104. Additionally, one of my predecessors noted that the Real Property Transfer Tax is part of the state system of recordation of deeds. See Op. Att'y Gen. 88-378. I am also struck by the fact that despite the legislature's broad grant of taxing power to local governments in A.C.A. § 26-73-103, the General Assembly nevertheless felt obliged to authorize specific taxes in the remainder of Title 26 of the Arkansas Code. Significantly, these authorizations do not include the authority to levy a real property transfer tax.
Furthermore, I believe that the disposition of revenues generated from this tax for both state and local purposes evidences a comprehensive intent of the General Assembly. The revenue generated by this tax is distributed to state and county funds. After deducting 3% of the revenues generated, 10% of the remaining revenues are used for county purposes. A.C.A. §§ 26-60-112(a) and 26-60-112(b)(1)(A) (Supp. 2003). First, the revenue funds the County and Circuit Clerks Continuing Education Fund. A.C.A. § 26-60-112(b)(1)(A). Second, revenue is disbursed to the county clerks to be credited to the respective county general funds in a prorata amount determined by the location of the property that was transferred. A.C.A. § 26-60-112(b)(1)(B). The balance of the revenue generated is distributed in furtherance of the Revenue Stabilization Law and the Administration of Justice fund to supplement the Court Reporter's Fund. A.C.A. §§ 26-60-112(b)(2)(A) and 26-60-112(b)(2)(B). Finally, any revenue over and above the amount required is credited to the County Aid Fund. A.C.A. § 26-60-112(b)(2)(B).
While the General Assembly may not have been as clear in preempting local legislation under the Real Property Transfer Tax Act as it was inKollmeyer, supra, I believe that the Real Property Transfer Tax Act may have preempted any local legislation or regulation in this area. The tax is administered through the State and is part of the general scheme of recording deeds of real property. The revenue generated is disbursed for both state and local purposes. The tax appears to be comprehensive legislation and regulation.
This state of affairs leaves significant doubt as to whether the county would have the power to levy such a tax. A county is a municipal corporation. Stilley v. Henson, 342 Ark. 346, 354, 28 S.W.3d 274 (2000). When there is significant doubt as to the existence of a power for a municipal corporation, the question is resolved against the municipal corporation. Id. at 355. Following this judicial standard, I believe that a county may not levy a transfer tax on real property within its jurisdiction.
WHETHER A CITY HAS THE AUTHORITY TO LEVY A TRANSFER TAX ON REAL PROPERTYLOCATED WITHIN ITS BOUNDARIES
Municipal corporations of the first class are "authorized to perform any function and exercise full legislative power in any and all matters of whatsoever nature pertaining to [their] municipal affairs including, but not limited to, the power to tax." A.C.A. § 14-43-602 (Repl. 1998). Despite this grant of authority, it is clear that municipal corporations in Arkansas cannot pass any laws contrary to the general laws of the State. See Arkansas Const. Art. 12, §§ 3 and 4; and Nahlen v. Woods,255 Ark. 974, 504 S.W.2d 749 (1974). In addition, despite the seemingly broad grant of authority in A.C.A. § 14-43-602 (adopted in 1971), the Arkansas Supreme Court has continued to hold that a city possesses only those powers that are expressly granted by the Constitution or the General Assembly, necessarily incident to the execution of those granted powers, or powers that are indispensable, and not merely convenient, to their objects and purposes. Cosgrove v. City of West Memphis, 327 Ark. 324,326, 938 S.W.2d 827 (1997); see also Op. Att'y Gen. 2004-046. In addition, substantial doubt as to the existence of a power in a municipal corporation must be resolved against it. Cosgrove, supra (citing City ofLittle Rock v. Cash, 277 Ark. 494, 501, 644 S.W.2d 229 (1982)).
There is no specific grant of authority for a city to levy a real property transfer tax. Nor does this tax appear to be incidental to any other granted powers or necessary to the administration of the city. The question of whether the city may levy the tax you have described therefore rests on whether A.C.A. § 26-73-103, quoted above, is specific enough to be an express grant of power and whether any other provision of law would prohibit the tax.
The same analysis offered above with respect to counties is applicable in my opinion. That analysis creates substantial doubt as to whether a municipal corporation has the authority to levy such a tax. The doubt as to municipal authority will be resolved against a municipal corporation by a court. Stilley, 345 Ark. at 355; see also Cosgrove,327 Ark. at 326; and Op. Att'y Gen. 2004-046. Accordingly, I believe that a city is also not authorized by law to levy a real property transfer tax.
Question Two: If so, what procedures should be followed to exactsuch a tax?
As I opine that neither a city nor a county is authorized to levy a real property transfer tax, the second question posed is moot.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] I do not address whether what you have labeled a "transfer tax" might be considered a fee by the Arkansas courts. A county or city has the express authority to charge a reasonable fee for services. See
A.C.A. § 14-14-801(a)(11) (Repl. 1998) (counties) and Barnhart v. City ofFayetteville, 321 Ark. 197, 204-05, 900 S.W.3d 539 (1995) (cities). A court will determine whether an imposition is a fee or tax not by its label but by its function and effect. Barnhart, 321 Ark. at 204-05. Furthermore, a fee must be fair and reasonable and bear a reasonable relationship to the benefits conferred on those receiving services. Id.
at 205. Your request for an opinion does not contain any information regarding the function and effect of the proposed imposition, so I will proceed under the assumption that it would be a tax.