The Honorable Jay Bradfordd State Representative Post Office Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
I am writing in response to your request for an opinion on the following question:
 In a city of the first class with a civil service system for police and fire department employees established under A.C.A. § 14-51-301 et seq., can a probationary police officer who has been terminated by the chief of police be "reinstated" by:
 (A) the City Council;
 (B) the Police Chief; or
 (C) the Civil Service Commission?
You state that the officer has filed a pro se lawsuit regarding his termination.
RESPONSE
I must note initially that consistent with the longstanding policy of this office, this opinion does not address, and should not be interpreted to address, the matter of the reinstatement of this particular former police officer. According to the complaint in the pro se action (Lambert v. City of Pine Bluff and PineBluff Police Department, Case No. 5:06-CV-0227WRW, United States District Court, Eastern District, Pine Bluff Division), the discharged officer seeks reinstatement with back pay and punitive damages. It has long been the policy of this executive-branch office to avoid rendering opinions on matters that are pending in the courts.
I can and will opine generally, however, in response to your question concerning the authority of a city council, a police chief, or a civil service commission to reinstate a probationary police officer who was discharged by the chief of police. This discussion assumes that by "reinstate," you mean restore to the position from which the individual was removed. See generallyBlack's Law Dictionary 1157 (5th ed. 1979) (defining "reinstate").
In my opinion, as a general matter, neither the city council nor the civil service commission is authorized under the civil service laws to reinstate a discharged probationary police officer. To conclude otherwise would mean that the council or the commission could in effect overturn the police chief's discharge decision with respect to such an officer, an action that appears contrary to A.C.A. § 14-51-301(b)(7). This statute requires that the civil service rules shall provide for the following in the case of a probationer:
 (A) A period of probation not to exceed twelve (12) months before any appointment is complete and six (6) months before any promotion is complete.
 (B) During the period, the probationer may be discharged, in case of an appointment, or reduced, in case of promotion, by the chief of the police or the chief of the fire department;
A.C.A. § 14-51-301(b)(7) (Supp. 2005) (emphasis added).
Discharge by the chief under this statute is not appealable to the civil service commission. I opined to this effect in Op. Att'y Gen. 2005-266, wherein I noted that unlike A.C.A. §14-51-301(b)(11), which applies to those whose probation is "complete," subsection 14-51-301(b)(7), supra, makes no mention of a right of appeal with respect to a probationary police officer.[1] The right of appeal to the commission is available, it seems, only to those who have completed the probation period. In my opinion, this effectively negates authority on the part of the commission to reinstate a discharged probationary officer.
Consistent with this conclusion, the Arkansas Supreme Court has characterized subsection 14-51-301(b)(7) as "[a]n exception to the Commission's power. . . ." Civil Service Commission of NorthLittle Rock v. McDougal, 198 Ark. 388, 394, 129 S.W.2d 589
(1939). The court made this statement in the course of affirming the commission's authority to prescribe and enforce its own rules for the police department. The commission in that case had named the chief of police as the "executive head of the department," and had authorized him to adopt and enforce rules and regulations. Id., 198 Ark. at 391. After the chief suspended an officer at the direction of the commission for violating a commission rule, the chief reinstated him. The commission reinstituted the charges and dismissed the officer after a hearing. Id. at 392. The officer argued on appeal that the commission lacked authority in the matter because the right to discipline, under the commission's rules, rested entirely with the chief of police. Id. The court stated the following in rejecting the trial court's finding that the commission exceeded its authority:
 The Commission, and not the chief of police, is the responsible agency. By . . . Act 28 [of 1933 — the police and fire civil service law], the Commission is expressly charged with the duty of prescribing, amending, and enforcing its rules. The Commission is required to investigate the enforcement and effect of Act 28. An exception to the Commission's power is found in Mandatory Rule No. 7, which authorizes the chief of police, during the six months period of probationary employment, to `discharge, in case of an appointment, or reduce, in case of promotion.
Id. at 394 (emphasis added).
This highlighted passage tacitly acknowledges that "Mandatory Rule No. 7," i.e., A.C.A. § 14-51-301(b)(7), supra, would have precluded the commission from acting in the matter had the discharged officer been a probationary officer.
In my opinion it similarly follows, as a general proposition, that a city council would be precluded from reinstating a discharged probationer. State law includes "civil service systems" among those matters that have been designated as "state affairs," as distinguished from "municipal affairs." A.C.A. §14-43-601(a)(1)(F) (Repl. 1998). Unlike "municipal affairs," "state affairs" do not fall under a city's general control. See
A.C.A. § 14-42-602 (Repl. 1998) (vesting cities with "full legislative power . . . pertaining to [their] municipalaffairs. . . ." (Emphasis added)). Municipalities may only exercise local legislative authority over "state affairs" if not in conflict with state law. A.C.A. § 14-43-601(a)2). See, e.g.,City of Fort Smith v. Fort Smith Housing Authority,256 Ark. 254, 506 S.W.2d 534 (1974) (housing authority is not a municipal affair and city council cannot substitute its own method of filling vacancies which occur on the board). In my opinion, such a conflict would arise if a city council purported to reinstate an officer who was discharged by the chief of police during the six-month probationary employment period pursuant to A.C.A. §14-51-301(b)(7). This would in essence require an override of the discharge and restoration of the probationer to his former status. I find no authority in the statutes for this course of action by a city council.
The answer arguably is less clear regarding the police chief's authority to reinstate a discharged probationer. In my opinion, the answer may depend upon the particular surrounding facts, including any relevant civil service rules. In mandating that the civil service rules provide that a probationer may be "discharged" by the chief of police, subsection 14-51-301(b)(7) does not explicitly give the chief the authority to reinstate the individual. This suggests the possibility that the rules prescribed by the civil service commission might address the matter of reinstatement. The suggestion is perhaps reinforced by the specific reference to "reinstatement" in A.C.A. §14-52-301(b)(5) (Supp. 2005). This latter subsection establishes a requirement, also to be included in the civil service rules, that "all applicants for reinstatement shall undergo a suitable physical examination." (Emphasis added). I recently opined that "reinstatement" is distinct from "appointment" and "promotion" under A.C.A. § 14-51-301, and that a civil service commission could adopt a rule providing for the reinstatement of an employee to a position from which he or she resigned, notwithstanding that the proposed rule did not require the former employee to compete in the selection process. Op. Att'y Gen. 2006-121 (concluding that the "eligible list" created through competitive examination under the civil service laws does not apply to a vacant position filled through reinstatement).
There is no further reference to "reinstatement" in the civil service statutes, nor is the term defined, leaving uncertain the specific circumstances or conditions under which "reinstatement" might occur. It bears mentioning, however, that the commission is authorized to adopt rules necessary for the enforcement of the state civil service system law, as long as the rules are "not inconsistent with" that body of law. Id. at — 301(d). In my opinion, although, as stated above, neither the civil service commission or the city council could be invested with this power, it would not necessarily be inconsistent with the civil service laws for the commission to adopt a rule allowing the police chief to reinstate a discharged probationary officer.
The question remains whether in the absence of a governing civil service rule the chief of police might reinstate the discharged probationer. Given the apparent distinction between "reinstatement" and "appointment"/"promotion," discussed above, it may well be that the chief would be authorized to take this action. The matter is not free from doubt, however, and would benefit from legislative clarification.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] Under A.C.A. § 14-51-301(b)(11), the rules of the commission must provide for "[d]ischarge or reduction in rank or compensation after promotion or appointment is complete, only after the person to be discharged or reduced has been presented with the reasons for the discharge or reduction in writing." A.C.A. § 14-51-301(b)(11)(A). The person so discharged or reduced after probation is "complete" has the right to reply and may "demand a trial" before the civil service commission. Id. at (b)(11)(B)(i) and (ii). See also A.C.A. § 14-51-308 (Supp. 2005).