The Honorable Denny Altes State Representative
8600 Moody Road Fort Smith, Arkansas 72903-6718
Dear Representative Altes:
You have requested my opinion on the following question: "Is it constitutional for [Fort Smith] to fluoridate [municipal] water when [Fort Smith residents] have already voted down this issue twice?"[1]
RESPONSE
In 2011, the General Assembly enacted Act 197, which is now codified at A.C.A. § 20-7-136 (Supp. 2011). This Act requires all water systems in the state that serve more than 5,000 people to fluoridate their water systems according to regulations to be promulgated by the Department of Health. Accordingly, Fort Smith is under a state mandate to fluoridate water. Therefore, I take your question as asking whether Act 197 of 2011 is constitutional as applied to Fort Smith given that this city's residents have, as you say, "already voted down this issue twice."
In my opinion, the answer to this question is "yes." The fact that a city's voters failed to approve an ordinance — or, as you say, "voted it down" — that would have required fluoridation has no bearing on whether a state law requiring fluoridation can constitutionally apply to that city. The easiest way to see this is to assume that, *Page 2 
before 2011, the city had actually passed an ordinance that prohibited fluoridation. When the General Assembly passedAct 197 of 2011 — which requires fluoridation in cities of the size of Fort Smith — the city ordinance would conflict with state law. The state constitution specifically provides that cities cannot pass ordinances that conflict with state law.[2] Accordingly, such a hypothetical ordinance would have been invalidated when Act 197 was passed.
In the scenario you describe, there is no pre-existing city ordinance that conflicts with Act 197. Instead, you describe a scenario in which the city voters simply failed to approve a proposal that would have required fluoridation. Therefore, afortiori, the failure to approve a local ballot measure has no bearing — whether under the federal or state constitution — on whether the state statute can constitutionally apply to the city.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Your question does not specifically reference Fort Smith, but I assume that is the city you are referring to when you say that the issue of fluoridating water has "already been voted down twice." Several news articles about how Act 197 of 2011 relates to Fort Smith report that Fort Smith residents twice failed to approve "a proposal" to fluoridate their municipal water, both "in the 1970s" and in 1992. While I have not been able to confirm these two votes, I assume you are referring to them.
[2] Ark. Const. art. 12, § 4. Municipalities are creatures of the legislature and, as such, have only the power bestowed upon them by statute or the Arkansas Constitution. Jones v. American Home LifeIns. Co., 293 Ark. 330, 738 S.W.2d 387 (1987). Despite the adoption of the "Home Rule" Act in 1971 (Act 266 of 1971), cities are prohibited from enacting any ordinances that are "contrary to the general laws of the state." City of Fort Smith v. HousingAuthority of the City of Fort Smith,256 Ark. 254, 506 S.W.2d 534 (1974); Nahlen v. Woods,255 Ark. 974, 504 S.W.2d 749 (1974) (holding that Arkansas is a legislative home-rule state and that the legislature has plenary power over municipalities). *Page 1